### HOPKINS v. STATE. (8 Div. 840.)

(Court of Appeals of Alabama. April 4, 1922.)

**1. Indictment and information ☞203—Where there is one good count, the verdict will be referred to that.**

In a prosecution for the offense of manufacturing intoxicating liquor, where there was a general verdict of guilty, there being one good count, the verdict will be referred to the good count.

**2. Criminal law ☞1028—Overruling motion to quash indictment for lack of evidence to authorize it held not error, where matter not submitted to trial court.**

The Court of Appeals cannot say that there was error in overruling a motion to quash an indictment on the ground that the grand jury did not have any legal evidence before it on which to find the indictment, although the evidence offered in support of the motion would tend to support it, where it does not appear that all the evidence submitted to the grand jury was submitted to the trial court when hearing the motion.

**3. Criminal law ☞1151—Refusal to grant continuance not error, in absence of abuse of discretion.**

Refusal to grant defendant's application for a continuance will not be held error, in the absence of abuse of discretion.

**4. Criminal law ☞1124(1)—Motion for new trial, not set out in bill of exceptions, will not be reviewed.**

A motion for new trial will not be reviewed, where not set out in the bill of exceptions.

**5. Intoxicating liquors ☞233(2)—Where defendant was living on premises where still was located, for witness to state what was found on defendant's place held proper.**

In a prosecution for manufacturing intoxicating liquors, where the testimony tended to show that other parties owned the premises

where the alleged still was located and operated, yet there was testimony that defendant was living on the place at the time, such fact was pertinent to go to the jury, and it was proper to ask witness to tell what he found "on the defendant's place."

**6. Intoxicating liquors ☞233(2) — Witness' testimony to finding still beer at location of still and that it was used for making whisky held proper.**

In a prosecution for manufacturing intoxicating liquors, it was competent for a witness to state that he found still beer at the alleged place of location and operation of the still, and that the beer was used in making whisky.

**7. Intoxicating liquors ☞226—Held that witness, describing still's location with reference to defendant's house, could state how one could get from house to still.**

In a prosecution for unlawful manufacturing of intoxicating liquors, after a witness had described the location of the still with reference to defendant's house and the distance therefrom, held, that he could properly answer the question as to how one could get from defendant's house to the still.

**8. Criminal law ☞1170(1) — Exclusion of questions as to other parties operating still held not harmful to defendant.**

In a prosecution for manufacturing intoxicating liquors, rejecting questions as to whether witness knew of certain other parties making liquor there, and whether he knew of their operating a still, and whether he knew they operated a still on a certain place, held not harmful to defendant, where it was not shown that the answer would have been in the affirmative, and the defendant denied possession of the still, or being interested in it, and the parties named in the questions denied on cross-examination that they had possessed the still or had anything to do with it, and the questions were not directed to the particular still, did not fix the time of manufacture laid in the indictment, and the witness was permitted to answer that he knew nothing of such parties operating a still on the place in question.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Wiley Hopkins was convicted of violating the prohibition law, and he appeals. Affirmed.

Betts & Richardson, of Huntsville, for appellant.

The defendant was entitled to a continuance, because he had not previously been arrested on the indictment on which he was tried, and was entitled to be represented by counsel of his choice. Section 6, Const. 1901; 149 Ala. 307, 42 South. 836, 13 Ann. Cas. 1131; section 7152, Code 1907. An indictment not found on competent evidence must be quashed. 17 Ala. App. 555, 86 South. 257. Where an indictment contains separate counts for a felony and for a misdemeanor, it will not support a general verdict. 104

Ala. 120, 16 South. 148; 86 Ala. 172, 5 South. 455; Acts 1919, p. 6, §§ 9 and 20; Acts 1919, p. 1086; section 7805, Code 1907.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The defendant was convicted under an indictment the first count of which charged the offense of manufacturing liquor subsequent to January 25, 1919, and the second charged that he did possess a still, apparatus, or appliance subsequent to September 30, 1919, to be used for the purpose of manufacturing prohibited liquors. No demurrers were interposed to the indictment.

The second count was defective, however, in that it covered a period of time—that is, from September 30, 1919, to November 30, 1919, when it was not a violation of law to do the things charged therein.

[1] There was a general verdict of guilty, and, there being a good count, it will be referred to the good count. May v. State, 85 Ala. 14, 5 South. 14.

[2] We cannot say that there was error in overruling the motion to quash the indictment, on the ground that the grand jury did not have any legal evidence before it upon which to find an indictment. The evidence offered in support of the motion would tend to support it, but it nowhere appears that all of the evidence submitted to the grand jury was submitted to the trial court in the hearing on the motion, and, this being so, we cannot declare that the court erred in its ruling.

[3] The refusal to grant the application of the defendant for a continuance was a matter of discretion with the court, and under the facts set out in the record we cannot say that this discretion was abused. Carr's Case, 104 Ala. 4, 16 South. 150; Stevens v. State, 138 Ala. 71, 35 South. 122; Kroell v. State, 139 Ala. 1, 36 South. 1025; 5 Mayfield Digest, p. 203.

[4] The motion for a new trial will not be reviewed here, for the reason that it is not set out in the bill of exceptions. Milner Coal & R. R. Co. v. Wiggins, 143 Ala. 132, 38 South. 1010.

[5] There was no error in permitting the witness Sanders, over the defendant's objection, to answer the question, "Go ahead and tell the jury what you found on the defendant's place." It is true that the testimony tended to show that parties other than the defendant owned the place where the alleged still was located and operated, yet there was testimony that at that time the defendant was living on the place, and, if so, such fact was pertinent to go to the jury.

[6] It was also competent testimony for the witness to state that he found still beer at the alleged place of location and operation of the still, and that beer was used in making whisky.

[7] A witness, having described the location of a still with reference to defendant's house, and the distance therefrom, may properly state "how you would get from defendant's house to this still." The solicitor was evidently proceeding on the idea that "where there's a still there's a way."

[8] During the examination of Leeman Boyd, a witness for the defendant, he was asked on direct examination, "Did you know of Lee and John Carmichael making any liquor there?" "Did you know of Lee and John Carmichael operating a still?" "Did you know of them operating a still on the Webb place?" The objection of the solicitor to these questions was sustained. In the first place, it was not made known to the court that the witness, if permitted to do so, would have answered in the affirmative.

The defendant denied having possession of a still, or being interested in any way in the manufacture of liquor as charged in the indictment; so in this view it does not appear how this testimony could have been helpful to him. It is true that the witnesses for the state, Lee and John Carmichael, had denied on cross-examination that they had possessed a still, or had anything to do with the manufacture of the liquor charged to the defendant in this prosecution; so, if the purpose of the testimony was to impeach them —if it could have been done thusly—the question should have been directed to the particular still, and time of manufacture, laid in the indictment. The witness was permitted to answer that he knew nothing of Lee and John Carmichael operating a still on the place in question here.

The written charge requested by the defendant was properly refused. The charge is abstract, and it does not state the law.

We find no error in the record, and the judgment appealed from is affirmed.

Affirmed.