## GAMLIN v. STATE.  (7 Div. 882.)

(Court of Appeals of Alabama. Feb. 6, 1923.)

**1. Indictment and information ⬄130—Separate counts charging manufacturing and possession of still held not demurrable.**

Where the indictment contained two counts, one charging possession of a still subsequent to December 1, 1919, and the second charging distilling subsequent to January 25, 1919, a demurrer to the indictment on the ground that it charged two separate and distinct felonies alleged to have occurred on different dates was properly overruled.

**2. Criminal law ⬄201—Conviction in federal court does not bar subsequent prosecution in state court.**

A plea of former conviction in a prosecution in the state court for violation of the state prohibition act, setting up that defendant had been convicted in the federal court, is not valid.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Henry Gamlin was convicted of a violation of the prohibition laws and he appeals. Affirmed.

The indictment contained two counts. The jury returned a verdict of guilty under the second count, which reads:

"The grand jury of said county further charges that, before the finding of this indictment, Henry Gamlilin, alias Henry Gamlin, alias Henry Gamling, alias Henry Gamblin, alias Henry Gambling, subsequent to the 1st day of

December, 1919, did have in his possession a still, apparatus, appliance or a device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, contrary to law and against the peace and dignity of the state of Alabama."

The first count of the indictment read:

"The grand jury of said county charges that before the finding of this indictment, Henry Gamlilin, alias Henry Gamlin, alias Henry Gamling, alias Henry Gamblin, alias Henry Gambling, subsequent to the 25th day of January, 1919, did distill, make, manufacture alcoholic, spirituous, malted or mixed liquors or beverages, a part of which ·was alcohol, contrary to law."

To the second count of the indictment the defendant demurred as follows:

"For that it is not averred that defendant knowingly had in his possession said apparatus that it could be used for distilling purposes.

"For aught that appears said apparatus, appliances or device was one in common use for other purposes than distilling, and yet fails to charge that such appliances were to be used for unlawful purposes."

To the whole indictment he demurred on these grounds:

"For that the indictment shows on its face that it charges two separate and distinct offenses in the same indictment.

"For that under count 1 of the indictment it is charged the offense was committed subsequent to the 25th day of January, 1919, and in the second count it is charged that the offense was committed subsequent to the 1st day of December, 1919.

"For that one count charges the defendant with a felony for making or manufacturing prohibited liquors, and in another count charges the defendant with a felony for having in his possession distilling apparatus, all in the same indictment.

"For that two separate and distinct felonies are charged in the same indictment, which are alleged to have occurred at different times, one being subsequent to January 25, 1919, and the other since December 1, 1919.

"For that said indictment fails to inform the defendant of the character and nature of the accusation against him.

"For that said indictment undertakes to charge this defendant of two or more felonies growing out of distinct and separate transactions."

Defendant filed a plea of former conviction, setting up that he had been tried and convicted in the federal court, at Gadsden, Ala., of a charge of illicit distilling.

Culli & Hunt, of Gadsden, for appellant.

The appellant, having been punished ·for the offense charged, cannot be again tried for the same offense. Const. Ala. 1901, § 9; 253 U. S. 385, 40 Sup. Ct. 486, 588, 64 L. Ed. 946; 101 Or. 127, 199 Pac. 194, 16

A. L. R. 1220; 12 A. & E. Ency. Law (2d Ed.) 259; 5 How. 410, 12 L. Ed. 213; 155 Ala. 82, 46 South. 491. Demurrers to the indictment should have been sustained.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] The demurrer to the indictment was properly overruled. Lowe v. State, 134 Ala. 154, 32 South. 273; Wooster v. State, 55 Ala. 217; Ex parte State, In re Brown, etc., 197 Ala. 419, 73 South. 35.

[2] The plea of former jeopardy will not lie in a case of this character. U. S. v. Lanza et al., 43 Sup. Ct. 141, 67 L. Ed. 314; Gilbert v. State, ante, p. 104, 95 South. 502.

There is no error in the record. Let the judgment be affirmed.

Affirmed.