**TRIBBLE v. STATE.** (8 Div. 960.)

(Court of Appeals of Alabama. April 3, 1923.)

1. **Intoxicating liquors** &#9058;13, 132, 197—**Eighteenth Amendment and National Prohibition Act did not supersede state prohibition laws, nor give federal courts exclusive jurisdiction to try liquor cases.**

The Eighteenth Amendment to the federal Constitution and the National Prohibition Act did not supersede all state prohibition laws or repeal them, nor give the federal courts exclusive jurisdiction to prosecute violations of prohibition laws.

2. **Criminal law** &#9058;201—**Demurrer to plea of former jeopardy that accused was tried and convicted in federal court for same offense held properly sustained.**

Demurrer to plea of former jeopardy in prosecution for violation of prohibition law that accused ought not to be prosecuted by the state for the offense for which he is tried, because he was tried and convicted in federal court for an offense based upon the same transaction, *held* properly sustained.

Appeal from Circuit Court, Madison County; Osceola Kyle, Judge.

John Tribble was convicted of violating the prohibition laws, and he appeals. Affirmed.

R. E. Smith, of Huntsville, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The Eighteenth Amendment to the federal Constitution did not effect to supersede the laws of the state on the subject of prohibition. 18 Ala. App. 101, 90 South. 138. Conviction in a federal court is not an answer to an indictment by a state court. Ante, p. 104, 95 South. 502.

BRICKEN, P. J. The indictment against this defendant contained two counts as follows:

"(1) The grand jury of said county charge that, before the finding of this indictment, Arthur Tribble and John Tribble, did after the 26th day of January, 1919, distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, contrary to law.

"(2) The grand jury of said county further charge that, before the finding of this indictment, Arthur Tribble and John Tribble did, after November 30, 1919, manufacture, sell, give away, or have in his possession a still, apparatus, appliance, or device or substitute therefor, to be used for the purpose of manu-

facturing prohibited liquors or beverages, contrary to law, against the peace and dignity of the state of Alabama."

[1] As an answer to this indictment the defendant raised two questions. He contended by plea, and by demurrer: (1) That the adoption of the Eighteenth Amendment to the federal Constitution and the subsequent passage of the National Prohibition Act (41 Stat. 305) by Congress superseded and rendered ineffective all the prohibition laws of the state of Alabama and insisted that all the state laws for the suppression of the evils of intemperance in this state were repealed, and that the federal courts alone had jurisdiction to try and determine prosecutions of this character. This insistence is without merit, and the lower court properly so ruled. The identical question has been many times decided adversely to the contention of the defendant and needs no further elaboration here. The case of Powell v. State, 18 Ala. App. 101, 90 South. 138, and cases therein cited are a complete answer to the question presented.

[2] The next insistence, (2), is that the defendant—

"ought not to be prosecuted on said charge in this court because heretofore, in the District Court of the United States of America for the Northeastern District of the Northern District of Alabama, on, to wit, the ―――― day of November, 1921, this defendant was prosecuted, tried, and convicted for an offense in violation of the laws of the United States of America, known as the Volstead Act, which said offense he now alleges was based upon and is of the same matters and transaction as is alleged in the indictment here presented against him, all of which he is now ready to verify, and prays judgment that he shall be discharged as to the present prosecution."

To this plea of former jeopardy the court sustained the state's demurrer, and in this ruling committed no error. This court has recently decided this question contrary to the insistence here made. Lon Gilbert v. State, ante, p. 104, 95 South. 502.

The rulings of the court upon this trial in each instance were without error. The record is also free from error; therefore the judgment appealed from is affirmed.

Affirmed.