## SMITH v. STATE. (8 Div. 50.)

(Court of Appeals of Alabama. May 8, 1923.)

1. Criminal law ⬥201—Conviction or acquittal of violating National Prohibition Act does not bar prosecution in state courts for violating state prohibition laws.

Conviction or acquittal of violating the National Prohibition Act does not bar subsequent prosecution in the state courts for violating state prohibition laws by the same transaction.

2. Criminal law ⬥364(4)—Defendant's statement that "there was not any washing powders in that," held admissible as admission that liquid found in his house was whisky and as res gestæ.

In a prosecution for violating the prohibition laws, testimony that when the officers raiding defendant's house had measured up whisky found therein, defendant said "there was not any washing powders in that," held admissible, in connection with other evidence of defendant's voluntary confession and his words, "that was pure stuff," as in the nature of an admission that it was whisky and as part of the res gestæ.

3. Criminal law ⬥406(6)—Defendant's statement that "he was making a little to live on," held admissible as admission that he was making whisky.

In a prosecution for violating the prohibition laws, where the state established a proper predicate for introduction of a confession shown to be voluntary, testimony, in answer to a question as to what defendant said, on his way to town after his arrest, about a distillery found on his premises, that he stated that "he was making a little to live on," held admissible as an admission that he had been making whisky found in his house.

4. Intoxicating liquors ⬥236(19)—Evidence held sufficient to justify conviction of manufacturing and possessing still for manufacture.

Evidence held sufficient to justify conviction of manufacturing and possessing a still for the manufacture of prohibited liquors.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Marion Smith was convicted of violating the prohibition laws, and he appeals. Affirmed.

E. O. McCord & Son, of Gadsden, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

A conviction in the federal court is no answer to an indictment for a violation of the state prohibition law. Gilbert v. State, ante, p. 104, 95 South. 502.

FOSTER, J. The indictment contained two counts. The first count charged that the defendant distilled, made, or manufactured alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol; the second count charged that he had in his possession a still for the purpose of manufacturing prohibited liquors or beverages. Defendant interposed a plea of former conviction, said plea averring that he had heretofore been convicted at the January, 1922, term of the United States court for the Middle division of the Northern district of Alabama of a violation of the National Prohibition Act (41 Stat. 305), and that said conviction was based upon the same matters and transactions as alleged in the indictment in this case. The state's counsel demurred to this plea on the ground that it was not an answer to the indictment, and was no defense. This question has been settled by our courts against the contention of the defendant.

[1] A conviction or acquittal in a prosecution under the National Prohibition Act does not bar a subsequent prosecution in the state courts for a violation of the state prohibition laws based upon the same transaction. The demurrer to the plea was properly sustained. Gilbert v. State, ante, p. 104, 95 South. 502; Gamlin v. State, ante, p. 119, 95 South. 505.

[2] The evidence for the state showed that the sheriff of Marshall county, with several deputies, found at the house of defendant a considerable quantity of beer in different vessels, about five gallons of whisky, and a still in the yard a short distance from the house. I. B. Hyde, a witness for the state, testified that he was sheriff of Marshall county, and, after proper predicate had been laid to show that the declaration of defendant was voluntary, testified that, as he brought defendant to town under arrest, defendant said the still was his and he had been making some whisky. No objection was made by defendant to this evidence.

Green Hatley, a witness for the state, who was with the sheriff on this raid, after testifying that no threats were made or inducements offered defendant to make a statement, said that "when they got it measured up," defendant said, "Well, there was not any washing powders in that; that was pure stuff." Defendant moved to exclude that portion of defendant's answer that "there was not any washing powders in that." This was merely a representation of the quality of the whisky, and in connection with the other evidence, together with the words "That was pure stuff," was in the nature of an admission by the defendant that it was whisky, and it was also part of the res gestæ. The court did not err in refusing to exclude this evidence.

[3] The state by appropriate questions again established a proper predicate for the introduction of a confession, and the statement was shown to have been voluntary; and this witness was asked by the state, "What did he say about this distillery on the way to town?" Witness answered, "He said he had gotten in a tight and lost his land, and he was making a little along to sorter live on." Timely objection was made to the question and motion was made by defendant to exclude the answer. The court stated:

"That he was making it to live on makes no difference; that he was making it is the question."

The question called for an admission by the defendant that he had been making the whisky. There was no error in the ruling of the court. King v. State, 40 Ala. 314; McElroy v. State, 75 Ala. 9; Smith v. State, 142 Ala. 14, 39 South. 329. The defendant introduced no evidence.

[4] Charges 1, 2, and 3, the affirmative charges for defendant, were properly refused; there was ample evidence to justify the jury in finding the defendant guilty as charged in both counts of the indictment.

There are no errors in the record. The judgment of conviction is affirmed.

Affirmed.