**MASON v. STATE.  (7 Div. 884.)**

(Court of Appeals of Alabama. May 29, 1923. Rehearing Denied Nov. 27, 1923.)

**1. Criminal law  ⬤═201—Conviction under federal law no bar to state prosecution on same transaction.**

A conviction or acquittal in a prosecution in a federal court under the National Prohibi tion Act does not bar subsequent prosecution in the state courts for violation of the state prohibition laws based on the same transaction.

**2. Criminal law  ⬤═472—Witness may state that whisky could be made from beer found in still.**

In prosecution for manufacturing prohibited liquors and possessing a still, where state's evidence showed defendant was operating and in possession of a still from which whisky was running, it was not error to permit witness on proper qualification to state that whisky could have been made from the beer which he found in the still and from which whisky was actually made.

**3. Criminal law  ⬤═1169(2)—Incompetent evidence of fact otherwise established harmless.**

Admission of incompetent evidence is harmless error, where the facts to which such evidence relate are otherwise established by competent evidence.

**4. Criminal law  ⬤═828—Requested charges must be in writing.**

Under Code 1907, § 5364, as amended by Acts 1915, p. 815, requested charges must be asked in writing.

**5. Criminal law  ⬤═1122(6)—Action in refusing unwritten charges not reviewed.**

Unless it affirmatively appears that a requested charge was in writing, the action of the lower court in refusing it will not be reviewed.

**6. Intoxicating liquors  ⬤═238(2)—Refusal of affirmative charge not error.**

In prosecution for manufacturing prohibited liquors and possession of still, where state's evidence tended to show defendant was in possession of the still and manufacturing whisky, refusal of his affirmative charge was proper.

**7. Intoxicating liquors  ⬤═239(2)—Refusal of charge as to attempt to make prohibited liquor not error.**

In prosecution for making prohibited liquor and possessing a still, where the evidence without conflict showed that whisky was actually running from the still and that if defendant was guilty it was of making prohibited liquors and not of an attempt to do so, the refusal of a charge relating to attempt to make prohibited liquors was not error.

**8. Intoxicating liquors  ⬤═238(2)—Refusal of affirmative charge as to possession of still not error.**

In a prosecution for possessing a still, where there was evidence that defendant was in possession, it was not error to refuse his affirmative charge.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

John Mason was convicted of violating the Prohibition Law, and appeals. Affirmed.

E. O. McCord & Son, of Gadsden, for appellant.

Counsel insist that defendant's plea of former jeopardy should have been sustained,

─────────

citing State v. Smith, 101 Or. 127, 199 Pac. 194, 16 A. L. R. 1220.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. [1] The first count in the indictment charged that the defendant distilled, made, or manufactured alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol; and the second count ·charged that the defendant had in his possession a still to .be used for the purpose of manufacturing prohibited liquors or beverages. The ´defendant interposed a plea of former conviction, said plea averring that he had heretofore on April 27, 1921, been convicted in the United States court for the Middle division of the Northern district of Alabama of a violation of the National Prohibition Act (41 Stat. 305), and that said conviction was based upon ´the same matters and transactions as alleged in the indictment in this case. The state's counsel demurred to said plea on the ground that. it was not an answer to the indictment and stated no defense. The trial court properly sustained the demurrer. A conviction or acquittal in a prosecution in federal court under the National Prohibition Act does not bar a subsequent prosecution in the state courts for a violation of the state prohibition laws based upon the same transaction. Gilbert v. State, ante, p. 104, 95 South. 502; Gamlin v. State, ante, p. 119, 95 South. 505.

[2] The evidence of the state tended to show that the defendant was operating and in possession of a still from which whisky was running. The defendant denied having any interest in, or possession of, the still, or that he was connected with its operation.

The court did not err in permitting the witness Watson, upon being properly qualified, to testify that whisky could have been made from the beer which he found in the still, and from which whisky was actually being made. Veal v. State, ante, p. 168, 95 South. 783.

[3] If the appellant's counsel is correct in his contention that the witness Watson was not shown to be qualified to give an opinion as to how whisky could have been made, the fact had already been established by competent evidence that whisky was actually being made from the beer inquired about. Admission of incompetent evidence is harmless error, where the fact to which such evidence relates is otherwise established by competent evidence. 4 Michie's Dig. § 776, p. 574.

[4, 5] Counsel for defendant requested the court orally to charge the jury that they might convict the defendant of a misdemeanor under count 1, the court refused the request, and defendant excepted. Requested charges must be asked in writing. Code 5364

as amended by Acts 1915, p. 815. Unless it affirmatively appears that the charge asked was in writing, the appellate court will not review the action of the lower court in .refusing it. 4 Michie's Dig. § 571, p. 469.

[6] Charges 1 and 2, the affirmative charge for defendant, were properly refused. The state's evidence tended to show that defendant was in possession of the still and was manufacturing whisky.

[7] There was no error in the court's refusal of charges Nos. 3 and 5 requested by defendant. The evidence without conflict showed that whisky was actually running from the still. If the defendant was guilty at all, he was guilty of making prohibited liquors, and not ,of an attempt to do so.

[8] Charge No. 4, the affirmative charge for defendant, as to count No. 2 was properly refused. There was evidence that defendant was in possession of the still.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.