## PEEK v. STATE.    (7 Div. 811.)

(Court of Appeals of Alabama.  July 26, 1923.)

**1. Criminal law ⬅⟹201—Conviction in federal court not bar to prosecution for same offense in state court.**

A conviction in the federal court of distilling and possessing a still for the manufacture of prohibited liquors is not a bar to a prosecution for the same offense in a state court.

**2. Intoxicating liquors ⬅⟹255—Motion for return of seized malt mill and coil held properly refused.**

In view of Acts 1919, p. 12, § 12, declaring property used in the manufacture of prohibited liquors contraband, and making it the duty of the officers of the law to destroy it, a motion for the return of a malt mill, which had been misplaced and could not be produced on the trial, and a coil taken by a federal officer, was properly overruled.

**3. Criminal law ⬅⟹394—Testimony as to articles found by officers searching defendant's premises held competent, notwithstanding absence of search warrant.**

In a prosecution for distilling and possessing a still for the manufacture of intoxicating liquors, testimony as to what articles the officers who searched defendant's premises found held competent, though possession thereof might have been acquired without the aid of a search warrant.

**4. Intoxicating liquors ⬅⟹233(1)—Evidence of malt in mill found on defendant's premises held competent.**

In a prosecution for distilling and possessing a still for the manufacture of prohibited liquors, evidence that there was malt in a mill found on defendant's premises held competent.

**5. Criminal law ⬅⟹401—Testimony that officers searching defendant's premises had warrant held competent, without producing it.**

In a prosecution for manufacturing intoxicating liquors, testimony that officers searching defendant's premises had a search warrant held competent, without producing the warrant; the rule requiring production of the writing as the best evidence being inapplicable, where it is only a collateral incident to the matter in issue, which was the existence of a warrant, rather than its contents.

**6. Criminal law ⬅⟹720(5)—Solicitor's argument as to defendant's witnesses' sympathy with him held proper.**

The solicitor's argument that defendant's witnesses, who the evidence showed lived in his community, were in sympathy with him, held a proper inference from the evidence.

**7. Criminal law ⬅⟹720(5)—Facts testimony tends to prove, inferences therefrom, credibility of witnesses, etc., legitimate subjects of discussion.**

Every fact the testimony tends to prove, every inference which counsel may think arises therefrom, the witnesses' credibility, as shown by their manner, the reasonableness of their story, their intelligence, means of knowledge, etc., are legitimate subjects of criticism and discussion by counsel.

**8. Criminal law ⬅⟹394—Evidence obtained by illegal search admissible to fix guilt.**

Evidence obtained by an illegal and unauthorized search is admissible to fix the guilt of a criminal offense on the person whose property was searched.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Walter Peek was convicted of violating the prohibition law, and appeals. Affirmed.

Isbell & Scott, of Ft. Payne, for appellant.

Counsel discuss the rulings, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

A plea of former conviction in the federal court was no answer to the indictment. Gilbert v. State, ante, p. 104, 95 South. 502. Testimony as to what was found by the officers, although they had no search warrant, was admissible.  Banks v. State, 207 Ala.

---

179, 93 South. 293; Ex parte Banks, 207 Ala. 503, 93 South. 472.

FOSTER, J. The first count in the indictment charged the defendant with distilling, and the second count with having in his possession a still, etc. The jury returned a general verdict of guilt.

[1] There was no error in sustaining the demurrer to defendant's plea of former conviction of the same offense in the federal court. This question has been many times decided by this court. Gilbert v. State (Ala. App.) 95 South. 502; [1] Gemlin v. State (Ala. App.) 95 South. 505; [2] Smith v. State (Ala. App.) 96 South. 375; [3] Tribble v. State, ante, p. 172, 95 South. 827.

[2] An act approved January 25, 1919 (Acts 1919, p. 12, § 12), declares property used in the manufacture of prohibited liquors "contraband, and no person, firm or corporation or association of persons shall have any property rights in or to the same," etc. The act also makes it the duty of the officers of the law to destroy such property. The evidence showed a "malt mill" and a "coil" taken from defendant's home, that the malt mill had been misplaced and could not be produced on the trial, and that the coil was taken by a federal officer and the state's officers had no control over it. In the circumstances, the property could not be returned to the defendant, and the motion to have the property seized returned to him was properly overruled.

[3] It was competent for the witness to testify what articles the officers found at the time of the search and seizure, although possession of the articles may have been acquired without the aid of a search warrant. Shields v. State, 104 Ala. 35, 16 South. 85, 53 Am. St. Rep. 17; Banks v. State, 207 Ala. 179, 93 South. 393; Bell v. State, 16 Ala. App. 36, 75 South. 181.

[4] The witness Lyons testified without objection that they found a malt mill at the time of the search. Evidence that there was malt in the mill was competent, as tending to show that the mill was to be used for the purpose of manufacturing prohibited liquors. Hopkins v. State, 18 Ala. App. 423, 93 South. 40.

[5] It was competent to show by the witness Lyons that the officers had a search warrant, without the production of the warrant on the trial. The existence of the search warrant, rather than its contents, was the matter desired to be proved, and the written instrument was only a collateral incident to the matter in issue. The general rule requiring the production of the writing as the best evidence is not applicable in such cases. 4 Michie's Ala. Dig. p. 168, § 247.

[6] The solicitor for the state in his argument said:

"These people out in the community with the defendant are his witnesses and are in sympathy with him."

That they lived in his community was in evidence; that they were in sympathy with him the solicitor could properly argue as an inference from the evidence.

[7] "Every fact the testimony tends to prove, every inference counsel may think arises out of the testimony, the credibility of the witnesses, as shown by their manner, the reasonableness of their story, their intelligence, means of knowledge, and many other considerations, are legitimate subjects of criticism and discussion. * * *" Cross v. State, 68 Ala. 476. "Argument which states fairly inferences to be drawn from any fact in the case, is proper." Shirley v. State, 144 Ala. 35, 40 South. 269; Cunningham v. State, 117 Ala. 59, 23 South. 693.

[8] The court did not err in refusing to the defendant the general affirmative charge. There was ample evidence to justify the judgment of conviction. The general charge was asked on the ground that the evidence obtained against the defendant was unlawfully obtained by seizure and search of his private property without writ authorizing same. Evidence obtained by a search which was illegal and unauthorized is admissible to fix the guilt of a criminal offense upon the person searched. Banks v. State, supra; Shields v. State, supra; Bell v. State, supra.

No error is apparent in the record, and the judgment of the circuit court is affirmed.

Affirmed.