**RIALS et al. v. STATE.    (4 Div. 995.)**

(Court of Appeals of Alabama. June 24, 1924. Rehearing Denied Aug. 19, 1924.)

**1. Criminal law ⬅1159(3)—Appellate court will not disturb jury's finding on conflicting evidence.**

Where evidence is in conflict, questions involved are for jury, and appellate court will not disturb the finding.

**2. Criminal law ⬅338(4, 5)—Witness properly permitted to testify that another house which burned first attracted his attention.**

Where two houses were burned about the same time, it was relevant for witness, on trial for burning one, to testify that the other, which burned first, attracted his attention.

**3. Criminal law ⬅338(4, 5)—Witness may testify to contemporaneous fact tending to fix his attention on facts in issue.**

Witness may testify to. happening of contemporaneous fact, as tending to fix his attention on facts in issue.

**4. Witnesses ⬅371 — State may prove that witness' feelings toward witness whose testimony he had impeached were not good.**

Where witness for state was impeached by another witness, it was competent for state to prove that such witness' feelings towards state witness were not good.

**5. Witnesses ⬅394—Competent for state to prove that witness had not made certain statements testified to.**

In prosecution for arson, state was entitled to prove by its witness that he had not made certain statements testified to by other witnesses at instance of defendant.

**6. Criminal law ⬅1066—Appellate court cannot consider trial court's ruling on new trial, where no exception saved.**

Appellate court cannot consider trial court's ruling on a motion for new trial, where no exception is saved to. such ruling.

---

**7. Criminal law ⟨⟩⟩854(2)—Within trial court's discretion to permit jury to separate.**

In prosecution for arson, it was in trial court's discretion to permit jury, without defendant's consent, to separate and go to their respective places for supper.

**8. Criminal law ⟨⟩⟩1056(1)—Court's oral charge not considered, where no exceptions saved thereto.**

Where no exceptions were reserved to an expert from court's oral charge, that question could not be considered.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

John Rials (alias Riles) and Ed Jones were convicted of arson in the second degree, and they appeal. Affirmed.

Certiorari denied by Supreme Court in Ex parte Rials et al., 211 Ala. 615, 101 So. 630.

One ground of the motion for new trial, as shown by the record, is that, after the evidence had been closed and the first argument of the state and of the defendant had been made, but before the later arguments of either, the court permitted the jury, without the consent of the defendant, to separate and go to their respective places for supper.

E. C. Boswell, of Geneva, for appellants.

It was prejudicial error to allow evidence of the burning of the Skipper house at about the time of the burning of the Faulk house. Cheek v. State, 3 Ala. App. 646, 57 So. 108; Pope v. State, 174 Ala. 63, 57 So. 245; Domingus v. State, 94 Ala. 9, 11 So. 190; A. G. S. v. Hawk, 72 Ala. 112, 47 Am. Rep. 403; Askew v. State, 6 Ala. App. 41, 60 So. 455; Ingram v. State, 39 Ala. 247, 84 Am. Dec. 782; Brock v. State, 26 Ala. 104; Mitchell v. State, 140 Ala. 118, 37 So. 76, 103 Am. St. Rep. 17; Gassenheimer v. State, 52 Ala. 313; Curtis v. State, 78 Ala. 12. The feelings of witness Adams toward witness Lunsford was improperly allowed to be shown. Ham v. State, 156 Ala. 645, 47 So. 126; Hill v. State, 156 Ala. 3, 46 So. 864; Hall v. State, 137 Ala. 44, 34 So. 680. The jury should not have been permitted to separate. Williams v. State, 45 Ala. 57; 1 Bishop, Crim. Proc. 814; Robbins v. State, 49 Ala. 394; Driver v. Pate, 16 Ala. App. 418, 78 So. 412.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The motion for new trial does not appear in the bill of exceptions, and cannot be considered. Hopkins v. State, 18 Ala. App. 423, 93 So. 40. Excerpt from the oral charge will not be considered where no exception was reserved. Ex parte State, 204 Ala. 389, 85 So. 785.

SAMFORD, J. [1] Earnest insistence is made that the state's witnesses were so thoroughly impeached as to render a conviction on their testimony unwarranted, and to justify this court in setting aside the verdict. The rules governing questions of this character are too well settled to require citation of authority. Where the evidence is in conflict, the questions involved are for the jury, and this court will not on appeal disturb that finding.

[2, 3] There were two houses burned about the same time. One, the Skipper house, was burned first, and was in the direction of the Faulk house, charged in the indictment. It was relevant for the witness Lunsford to testify that the burning of the Skipper house attracted his attention. A witness may testify to the happening of a contemporaneous fact, as tending to fix his attention on the facts in issue.

[4, 5] It was competent for the state to prove by the witness Curtis Adams that his feelings towards the state witness Lunsford were not good. Lunsford was a witness in the case who had testified on behalf of the state, and Adams had just testified to a state of facts tending to impeach Lunsford. This testimony tended to show a bias on the part of Adams as against Lunsford. In Ham's Case, 156 Ala. 645, 47 So. 126, the person inquired about was neither a party nor a witness. The state was clearly entitled to prove by the witness Lunsford that he had not made certain statements testified to by other witnesses at the instance of defendant.

[6, 7] There is no exception to the ruling of the court with reference to the motion for a new trial, and hence we cannot consider the court's action in that regard. Hopkins v. State, 18 Ala. App. 423, 93 So. 40; Ala. Fuel & Iron Co. v. Courson (Ala. App.) 101 So. 638.[1] Moreover it was in the discretion of the trial judge to permit the jury to separate. Pearson v. State, 5 Ala. App. 68, 59 So. 526.

[8] No exceptions having been reserved to an excerpt from the court's oral charge, that question cannot be considered. Ex parte State, etc., 80 Fla. 217, 85 So. 785.

We find no error in the record, and the judgment is affirmed.

Affirmed.

