### CULVERHOUSE v. STATE.   (4 Div. 174.)

(Court of Appeals of Alabama.   Dec. 15, 1925.
Rehearing Denied Jan. 12, 1926.)

1. Criminal law ⬗1124(4)—Propriety of judgment on motion for new trial cannot be considered where neither motion nor judgment are included in bill of exceptions.

Where neither the motion for a new trial nor the judgment thereon are included in the bill of exceptions, no question as to propriety of that judgment will be considered.

2. Intoxicating liquors ⬗233(1)—Evidence of man tracks from house of accused to still, proper.

In prosecution for distilling prohibited liquors or having a still in possession, testimony to existence of man tracks from house of accused to still and back held proper.

3. Criminal law ⬗475—Federal prohibition agent of 10 years' experience properly qualified to testify to places appearing to be "still places."

In prosecution for violating prohibition laws, a federal prohibition agent of 10 years' experience in the matter of stills held properly qualified to testify as to places appearing to be "still places" in defendant's pasture.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Charlie Culverhouse was convicted of violating the prohibition laws, and he appeals. Affirmed.

On examination of state's witness Gillespie, this witness testified that he was a federal prohibition agent, and had had about ten years' experience in the matter of stills.

J. C. Fleming and J. N. Ham, both of Elba, for appellant.

The state's witness should not have been allowed to testify as to tracks. Reed v. State, 18 Ala. App. 181, 90 So. 37; Powell v. State, 20 Ala. App. 606, 104 So. 551. It was error to permit the witness Gillespie to testify as to other still places on defendant's land. Powell v. State, supra; Tyre v. State, 20 Ala. App. 483, 103 So. 91. The motion for new trial should have been granted. Hobdy v. State, 20 Ala. App. 44, 100 So. 571; Jones v. State, 18 Ala. App. 116, 90 So. 135.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

Evidence of tracks leading from a still to defendant's home is admissible. Jones v. State, 18 Ala. App. 626, 93 So. 332; Hopkins v. State, 18 Ala. App. 426, 93 So. 40; Morrow v. State, 19 Ala. App. 212, 97 So. 106. There was no error in admitting evidence of other still places. Blackstone v. State, 19 Ala. App. 582, 99 So. 323; Webb v. State,

---

⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

19 Ala. App. 359, 97 So. 246; Vaughn v. State, 19 Ala. App. 698, 95 So. 927.

RICE, J. Appellant was convicted of the offense of violating the prohibition laws by distilling prohibited liquors or having in his possession a still, etc.

[1] It would not be helpful to detail or discuss the evidence. It was circumstantial in its nature but ample to warrant the trial judge in submitting the case to the jury. Neither the motion for a new trial nor the judgment thereon are included in the bill of exceptions, and hence no question as to the propriety of said judgment is presented to us for decision. Hopkins v. State, 18 Ala. App. 423, 93 So. 40.

[2] There was no error in allowing proof as to the existence of man tracks from defendant's house to the still, and back. This was a legitimate circumstance to be considered by the jury along with all the other evidence, and there is nothing in the cases cited by appellant to the contrary. Jones v. State, 18 Ala. App. 626, 93 So. 332.

[3] We think the witness Gillespie was properly qualified to testify as to the places appearing to be "still places," and there was no error in allowing his testimony as to other still places in defendant's pasture. Blackstone v. State, 19 Ala. App. 582, 99 So. 323.

We have examined each of the exceptions reserved by the defendant on the trial and find merit in none of them. Neither is there error in the record. The judgment is affirmed.

Affirmed.