(117 So. 5)

WINSLETT v. STATE. (7 Div. 374.)

Court of Appeals of Alabama. March 27, 1928.

Rehearing Denied May 22, 1928.

Before pleading to the merits of the indictment, the defendant interposed a special plea, in effect a plea of former jeopardy, setting up that he had been formerly arraigned, tried, and convicted, and had served his term of imprisonment for this identical offense in the federal court of the Southern Division of the Northern District of Alabama.

To this plea the state demurred upon several grounds, but, in effect, that said plea was no answer to the indictment in this case. The demurrers were sustained, and the defendant put to trial.

There was no error in this ruling, for a conviction, or acquittal, in a prosecution in the federal court under the National Prohibition Act (27 USCA), does not bar a subsequent prosecution in the state court for a violation of the state prohibition laws based upon the same transaction. This has been definitely so decided in the following cases: Gilbert v. State, 19 Ala. App. 104, 95 So. 502; Gamlin v. State, 19 Ala. App. 119, 95 So. 505; Tribble v. State, 19 Ala. App. 172, 95 So. 827; Smith v. State, 19 Ala. App. 221, 96 So. 375; Cash v. State, 19 Ala. App. 317, 97 So. 147; Peek v. State, 19 Ala. App. 370, 97 So. 374; Burns v. State, 19 Ala. App. 384, 97 So. 609; Mason v. State, 19 Ala. App. 473, 98 So. 137. The opinion in the Gilbert Case, supra, has many times been followed and approved by the appellate courts of this and other states. It is a complete answer to the insistence here made.

The evidence adduced upon this trial was in conflict, and thus made a question for the determination of the jury. The evidence was ample to support the verdict of the jury and to sustain the judgment of conviction.

No error appears in any of the rulings of the court upon the admission and rejection of evidence. This so clearly appears there is no necessity to discuss the several exceptions reserved in this connection.

Refused charge 1 was the affirmative charge. From what has been said, there was no error in its refusal.

Refused charge 2 relates to the second count of the indictment only. The verdict of the jury was, "Guilty as charged in the first count of the indictment." This operated as an acquittal of the defendant of the charge contained in the second count; therefore refused charge 2 need not be discussed. However, under the evidence in this case, this charge was not in point, for the jury would have been authorized in returning a general verdict of guilty as charged in the indictment.

The admissibility of confessions is for the court, and not for the jury. The credibility and probative force thereof is for the jury. Refused charges 3 and 5 were, for this reason, properly refused. They were also refused without error for other reasons.

Pinkney Scott, of Bessemer, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

No briefs reached the Reporter.

BRICKEN, P. J. This appellant was charged by indictment, in two counts, with distilling, making, or manufacturing spirituous, malted or mixed liquors or beverages, a part of which was alcohol, and with the possession of a still to be used for that purpose.

Refused charge 6 is not the law. It was properly refused for other reasons.

No error appearing, the judgment of conviction in the circuit court is affirmed.

Affirmed.