## CONN v. STATE. (8 Div. 998.)

(Court of Appeals of Alabama. April 3, 1923.
Rehearing Denied April 17, 1923.)

**1. Criminal law ⊕⟶1129(1)—Assignments of error good practice.**

Making assignments of error in a criminal case, though not required by statute, is good practice and commended.

**2. Witnesses ⊕⟶2(3)—Right to compulsory process held not impaired.**

The right of accused accorded by Const. 1901, § 6, to compulsory process for witnesses in his favor, is not impaired by denial of motion to pass or continue his case a sufficient time for attachment of his summoned witnesses, who have not appeared; the state admitting they would testify as he stated.

⊕⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Criminal law ⊚⇒595(8), 600(2)—Refusal to pass case for attachment of absent witnesses held not abuse of discretion.**

There is no abuse of discretion in refusing to pass or continue the case a sufficient time for attachment of accused's witnesses, who, though summoned, have not appeared; they being character witnesses, their testimony being cumulative, and he having the benefit of it by the state admitting they would testify as he stated.

**4. Jury ⊚⇒80—Reducing by excuses, list in noncapital case to 24, not error.**

Defendant being charged with a felony not punishable capitally, and the list from which he was required to strike not having been reduced below 24, there was no error because of the court having, when defendant was absent, excused other jurors regularly drawn and summoned; the court not being required to consult defendant in the matter.

**5. Criminal law ⊚⇒763, 764(3, 4, 5, 7)—Requested instructions held invasive of province of jury.**

Requested instructions, some that there is no evidence of certain matters, others that the evidence tends to show certain matters, and others that, if the jury believe the evidence, they will find certain facts, *held* invasive of the province of the jury.

**6. Criminal law ⊚⇒829(1)—Enough that refused charges were covered by others given.**

It is enough that refused charges were fully and fairly covered by others given, or that others identical therewith were given. Acts 1915, p. 815.

**7. Criminal law ⊚⇒1124(1)—Motion for new trial, appearing in record, not enough for review of refusal.**

It is not enough, for review of refusal of new trial, that the motion appears in the record.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Oscar Conn was convicted of manslaughter in the first degree, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Conn, 209 Ala. 453, 96 South. 642.

The following requests for instructions were refused to defendant.

(14) The court charges the jury that there is no evidence in this case of defendant having in his possession or in his home on the fatal day any deadly weapon, until he is alleged to have snatched the gun from Corbett Whitaker in the defendant's home.

(15) The court charges the jury that the evidence in this case tends to show that Corbett Whitaker, the deceased, was an intruder in the home of defendant.

(16) The court charges the jury that, if you believe the evidence in this case, you cannot find that defendant provoked or brought on any difficulty with deceased.

(17) The court charges the jury that there is no evidence in this case of the defendant making a sally port or arsenal of his home.

(21) The court charges the jury that, if you believe the evidence in this case, you will find that deceased was the one who provoked or brought on the difficulty which resulted fatally in this case.

(22) The court charges the jury that there is no evidence in this case of defendant having induced or invited deceased into the defendant's home.

(24) The court charges the jury that, if you believe the evidence in this case, you will find that the deceased was an intruder in the defendant's home.

John A. Lusk & Son, of Guntersville, for appellant.

Defendant was entitled to compulsory process by attachment to bring his witnesses into court. Const. Ala. 1901, § 6; Thomas v. State, 15 Ala. App. 408, 73 South. 558; Walker v. State, 129 Miss. 449, 92 South. 580; Bush v. State, 168 Ala. 77, 53 South. 266.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

"Compulsory process," as used in the Constitution, does not include the extraordinary process of attachment. Sanderson v. State, 168 Ala. 109, 53 South. 109.

BRICKEN, P. J. From a judgment of conviction for manslaughter in the first degree, defendant appeals.

[1] Counsel for appellant assigns errors, 34 in number. As stated in the case of Null v. State, 16 Ala. App. 542, 79 South. 678, we think the assignment of error in a criminal case is good practice and is to be commended, though not required by statute. We there stated that by this means the errors complained of are brought directly and specifically to the attention of the court, and at the same time in no manner can militate against a compliance by this court with the statutory requirement to consider all questions apparent on the record or reserved by bill of exceptions.

[2, 3] The first four assignments of error relate to the ruling of the court in the following matter, as shown by the record:

"The defendant, being called upon by the court, announced that he was not ready because of the absence of his witnesses, Emmett Edmondson, Charlie Edmonds, John Parcus, Charley White, and Mrs. Sudie Seigler, all of whom had been duly subpœnaed as witnesses in his behalf. The defendant then moved the court to pass the case a sufficient time to enable or allow the sheriff to serve an attachment on 'said witnesses and bring them into court. It was shown to the court without dispute that the witnesses named resided and were then in Marshall county, and had been duly summoned as witnesses for defendant in this case. It was reported to the court that information had been received by some person in court that the witnesses were sick. The court refused to pass the case, and refused to

order or issue attachments for the witnesses, but required the defendant to write out a showing, or go to trial without such showing, and the defendant did write out a showing of what he expected to prove by said absent witnesses, which the state, through its solicitor, admitted said witnesses would swear, if present, and the court, over defendant's objection, required him to go to trial. And to this ruling of the court the defendant then and there duly excepted." .

We are not impressed with the argument that as a result of this ruling the rights accorded defendant by section 6 of the Constitution 1901, were impaired. Whether the case should be passed or continued was a matter resting within the court's discretion. The accused was given the benefit of the testimony of the several absent witnesses by the showings allowed by the court and admitted by the state's representative. It appears, further, that the testimony of these witnesses was cumulative, and referred mainly to the character of the deceased, and that there were several witnesses present who testified in behalf of defendant on this subject. We hold that in this ruling there was no abuse of the discretion with which the trial court was vested. The following authorities appear to be conclusive as to this question: Childress v. State, 86 Ala. 77, 5 South. 775; Davis v. State, 92 Ala. 20, 9 South. 616; Winter v. State, 123 Ala. 1, 26 South. 949; Kilgore v. State, 124 Ala. 24, 27 South. 4; Martin v. State, 125 Ala. 64, 28 South. 92; Sanderson v. State, 168 Ala. 109, 53 South. 109.

[4] Assignment of error 5 is:

"The said circuit court erred to the injury of the defendant in requiring the defendant to strike from the jury list as furnished, without the names of seven jurors who were excused in his absence."

This assignment is based upon the following proceedings, as shown by the record:

"Thereupon the clerk, under the direction of the court, prepared a list of jurors present from which to strike or select a jury. Said list contained 26 names. The defendant then objected to being required to select or strike a jury from this list, because it did not contain the name of 7 jurors who had been regularly drawn and summoned as jurors for said week of court and were present on Monday when the court was opened and the juries organized. The court had excused each of these 7 jurors on Monday from attendance on the court for the week on account of sickness of himself or some one in his family, but the defendant was not in court nor did he consent thereto. The court overruled defendant's objection, and required him to select or strike a jury from the list furnished him without these 7 names, and to this ruling and action of the court the defendant then and there duly excepted."

The list of qualified jurors from which the defendant was required to strike was not reduced below 24; he was charged with a felony not punished capitally; it therefore clearly appears that the court committed no error in this connection, and that the insistence of defendant is without merit. The court had authority to excuse the 7 jurors in question on account of sickness of the respective juror or his family, or for any other good and sufficient reason to be determined by the court, and in considering the grounds presented by the jurors in order to be excused, and in determining this question, the court was under no duty to consult the defendant; it being a matter resting entirely within the discretion of the court.

The rulings of the court upon the testimony made the basis of assignments 6, 7, and 8 are so clearly free from error we need not discuss them. Such other rulings of the court upon the testimony, to which exceptions were reserved, but not specially assigned as error. nor insisted upon in brief, are also free from any error affecting the substantial rights of the defendants.

The remaining questions presented relate to the refusal of numerous written charges requested by defendant. In discussing these charges we refer to the charges themselves by their designated numbers, instead of referring to the several assignments of error in this connection.

[5] Charges 14, 15, 16, 17, 21, 22, and 24 were invasive of the province of the jury, and were refused without error.

[6] Refused charges 23 and 25 were substantially and fairly covered by the oral charge of the court, which appears to be a very full, fair, and able charge. They were also covered by some of the charges given at the request of defendant, notably charges 5 and 6.

Charge 30, refused to defendant, properly states the law and has been approved by numerous decisions of this court and the Supreme Court. Its refusal here, however, does not constitute error, for given charge 12 is identical with this charge, and therefore the refusal of the charge, though a good one, is not ground for reversal. Acts 1915, p. 815.

The propositions of law contained in the remaining refused charges relate principally to the law of self-defense in its several phases. The oral charge of the court is very full, fair, and complete on the law of self-defense, and the rights of the defendant thereunder were carefully explained to the jury. In fact it would be difficult to more fully or fairly announce the law of self-defense than was done by the court in charging the jury in this case. In addition to the full and complete oral charge, there were also numerous special written charges given at the instance of defendant on the law of self-defense in its every element. We therefore conclude that appellant has suffered no injury affecting his substantial rights by

the refusal of any of the remaining charges requested in writing.

[7] The motion for new trial is not presented for review. It appears only in the record, and other prerequisites are not complied with. Crawley v. State, 16 Ala. App. 545, 79 South. 804 and cases cited.

No error appearing in any of the rulings of the court, and the record being also free from error, the judgment of conviction appealed from is affirmed.

Affirmed.