(100 So. 458)

### WRIGHT v. STATE.  (7 Div. 858.)

(Court of Appeals of Alabama. June 3, 1924.)

1. **Criminal law ⬒1124(1)—Overruling motion for new trial not presented where motion is not incorporated in bill of exceptions.**

Error in overruling motion for new trial is not presented, where motion is not incorporated in bill of exceptions, as required by Acts 1915, p. 722, but only in record proper.

2. **Incest ⬒13—Testimony as to occurrence several years before held error.**

In prosecution for incest admission of witness' testimony as to seeing defendant and prosecutrix together in suspicious circumstances several years before time covered by indictment *held* prejudicial error; especially where testimony showed that prosecutrix was probably not over 11 years old at such time.

3. **Criminal law ⬒359—Cross-examination as to matter showing interest of another in prosecution held permissible.**

In prosecution for incest, where defendant contended that act charged was committed by another, who sat by and assisted solicitor in prosecution, and swore out original warrant against defendant, and whose son and son-in-law testified for the state, latter should have been permitted to show, on cross-examination of son, that his father brought state witnesses to court that day.

4. **Criminal law ⬒719(1)—Solicitor's statement of fact in argument to jury held improper as contrary to evidence.**

In prosecution for incest, where prosecutrix's testimony that another than defendant was only man who ever had sexual intercourse with her was not disputed, solicitor's statement, in argument to jury, that such person never had intercourse with prosecutrix, was unauthorized.

5. **Criminal law ⬒814(8, 9)—Charges held properly refused as not shown to refer to same person as one referred to in evidence.**

In prosecution for incest where defense was that act was committed by one "Bunk" K., charges referring to one J. P. K. were properly refused, in absence of showing that latter was same person.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Jobe Wright was convicted of incest, and appeals. Reversed and remanded.

These charges were refused to defendant:

"I charge you that if you believe from the evidence in this case that Bunk Kelly was in the woods near the home of the defendant while the defendant was in jail trying to get Jessie Wright out to him, then that was a material fact in the case, and if you believe from the evidence that Marshall Kelley has willfully sworn falsely concerning this fact, then you must disregard his entire testimony."

"I charge you that it is undisputed in the testimony in this case that J. P. Kelley is the father of the child of Jessie Wright."

"I charge you that J. P. Kelley had a right to go on the stand and deny the testimony of Jessie Wright concerning his being the father of her child, and, if he has sat in the courthouse and listened at the testimony of Jessie Wright, and then did not go on the stand to deny it, then you are entitled to regard her testimony as true."

Isbell & Scott, of Ft. Payne, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The motion for new trial, not being in the bill of exceptions, is not presented for review. Hopkins v. State, 18 Ala. App. 423, 93 South. 40. Counsel argue other questions, but without citing additional authorities.

BRICKEN, P. J. The offense charged by indictment in this case is incest. Section 4877 of the Code, 1907 fixes or defines what constitutes incestuous marriages, and pro-

vides that the son must not marry his mother or stepmother, or the sister of his father or mother, or the widow of his uncle. The brother must not marry his sister or half-sister, or the daughter of his brother or half-brother, or of his sister or half-sister. The father must not marry his daughter or granddaughter, or the widow of his son. No man shall marry the daughter of his wife, or the daughter of the son or daughter of his wife. Any such marriage above enumerated is declared incestuous, and this also applies to illegitimate as well as to legitimate children and other relations.

Section 7127 of the Code 1907 makes it unlawful for any man or woman who are within the degrees of consanguinity or relationship within which marriages are declared by law to be incestuous and void, and knowing of such consanguinity or relationship, to intermarry, or have sexual intercourse together, or live together in adultery, and prescribes a punishment of from one to seven years upon a conviction for this offense.

In the instant case it was insisted by the state that the defendant, Jobe Wright, had been guilty of having sexual intercourse with one Jessie Wright, and that said Jessie Wright was not only the daughter of the defendant's brother, but was also the defendant's stepchild, that is, the daughter of his (defendant's) wife, who at the time of his marriage to her was the widow of defendant's deceased brother.

[1] A motion for new trial was denied to defendant, and the action of the court in overruling said motion is one of the grounds upon which a reversal of this case is insisted upon. However, the ruling of the court in this connection is not presented, as the motion appears only in the record proper and is not incorporated in the bill of exceptions. The statute regulating the procedure for a motion for new trial in a criminal case has not been complied with. Acts 1915, p. 722. See, also, Crawley v. State, 16 Ala. App. 545, 79 South. 804, and cases cited.

[2] Several rulings of the court upon the admission of testimony to which exceptions were reserved are insisted upon as error, and we are of the opinion that error was committed by the court in its rulings on the testimony of state witness Bob Meadows: Over the objection and exception of the defendant, this witness was allowed to testify that—

"Five or six years before the time of the trial of this case he saw this defendant and Jessie Wright, the woman in question, together; that he saw them there at the house the forepart of the night, out in the wagon shed towards day the next morning. They were lying down," etc.

That this testimony was calculated to highly prejudice the jury against defendant cannot be questioned. Nor can it be said that it could shed any light upon the issues involved upon this trial of this case. The occurrence testified to by this witness is alleged to have happened at a time not covered by the indictment, as a matter of fact several years prior thereto, and was entirely too remote in point of time to be admissible upon this trial. Davis v. State, 18 Ala. App. 482, 93 South. 269. Moreover, it affirmatively appears from the testimony that at the time stated by witness Meadows, the girl in question was probably not more than 10 or 11 years of age. We think the objections to the question eliciting this testimony should have been sustained and the answers of the witness excluded upon the motion made by defendant.

[3] The theory of the defense was that the offense with which this defendant was charged, that is, having had sexual intercourse with Jessie Wright, was not committed by him, but had been committed by another, one Bunk Kelly, and in line with this insistence the defendant undertook to show the interest which the said Bunk Kelly had, and was taking, in the prosecution of this defendant. This was a legitimate line of inquiry and should have been allowed. It appears from the record that this man Bunk Kelly was sitting by the solicitor and assisting him in the prosecution of the case, that his own son and also a son-in-law were the principal witnesses for the state, and further that he (Kelly) had sworn out the original warrant in this case against defendant upon which he had been put in jail. This and other testimony of like import, we think, justified the defendant in undertaking to show on cross-examination of state witness Marshall Kelly that his father, Bunk Kelly, brought the state witnesses to court that day. The court, however, declined to let the defendant do so, and an exception was accordingly reserved.

[4] The alleged injured party, Jessie Wright, gave testimony to the effect that this man Bunk Kelly was the father of her illegitimate child, and that he (Kelly) was the only man who had ever had sexual intercourse with her. Her testimony on this point was not disputed by any evidence in the case; but, notwithstanding this, the solicitor in his argument to the jury stated that "Bunk Kelly never had intercourse with this woman." This was a statement of fact by the solicitor unsupported by any testimony in the case. In fact, the statement was a flat and direct contradiction of the only testimony in the case upon that question. This statement of fact upon the part of the solicitor was unauthorized and should not have been made, and the court should have sustained the objection interposed thereto.

[5] Charges refused to defendant are not numbered. Two of these charges refer to a person by the name of J. P. Kelly, and there is nothing to show that Bunk Kelly and J. P. Kelly were one and the same person. There was no error in the refusal of either of the three charges.

For the errors pointed out, the judgment appealed from is reversed, and the cause remanded.

Reversed and remanded.