(112 So. 221)

**FLOWERS v. STATE. (6 Div. 5.)**

(Court of Appeals of Alabama. Jan. 1, 1927.

Rehearing Denied March 22, 1927.)

Festus F. Windham, of Birmingham, for appellant.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

PER CURIAM. ■ This appeal is from a judgment of conviction, based upon the verdict of a jury which found the defendant guilty of petit larceny. The jury assessed a fine of $500, to which the court added hard labor for the county. This the court had the right to do under the statute as construed in Martin v. State, 125 Ala. 64, 28 So. 92 (Code 1923, §§ 4908, 5278).

No brief has been filed in behalf of appellant.

■ This record has been examined and considered by the court en banc, and the entire evidence has been read and considered by the whole court. The evidence, being in conflict, made a jury question. The intent of the defendant in the alleged (and admitted) taking of the property in question was also for the jury. Talbert v. State, 121 Ala. 33, 25 So. 690. In the Talbert Case, supra, the Supreme Court said:

"In the trial of a defendant charged with larceny, the question of the intent with which he took the property, should be submitted to the jury, although the taking was openly done in the presence of the owner of the property and others. * * * There is no presumption of law on the question of intent, unless the proof leaves no room for any reasonable inference either way."

■ In the instant case the court charged the jury in line with the above decision, and delivered an able, forceful, and exceedingly fair charge. In the trial of the case we discover no error of a reversible nature in any of the rulings of the court complained of. The motion for a new trial is not presented for our consideration, as the controlling statute on the question of new trials has not been complied with. Under said statute, and also the well-established rule of the appellate courts, the action of the court is not reviewable, unless the bill of exceptions disclose that an exception was reserved thereto. Ex parte Grace, 213 Ala. 550, 105 So. 707; Akin v. Chancy Bros. Hdw. Co., 207 Ala. 523, 93 So. 408. In the instant case no reference to the motion for a new trial is contained in the bill of exceptions.

The record proper is regular in all things. No error appearing, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.