(117 So. 506)
## SWINEA v. STATE. (8 Div. 674.)

Court of Appeals of Alabama. June 26, 1928.

James C. Roberts, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. This appeal has been considered by the court sitting en banc. The entire record, including all of the evidence adduced upon the trial and the record proper, has been thus read and considered.

The action of the court below in overruling the motion for a new trial is not presented. In seeking a review by the appellate courts upon the ruling of the lower court overruling a motion for a new trial, the statute does not require that the motion and judgment thereon shall be set out in the bill of exceptions, but under the statute (Code 1923, § 6088) it is mandatory that the *bill of exceptions* must contain a sufficient recital to show the making of such motion, the ruling thereon, *and an exception thereto*. These are the express terms of the statute, and innumerable decisions to this effect are cited in Shepard's Alabama Citations, vol. 13, No. 1, pp. 414, 458, 459. The bill of exceptions in the present case makes no mention of a motion for a new trial, or any ruling thereon, or exception thereto; therefore, as stated, the question is not presented for review. Martin v. State, 216 Ala. 160, 113 So. 602.

As to the judgment of conviction, under the evidence in this case, we have reached the conclusion that the state failed to meet the burden of proof necessary, and that the reasonable probabilities of innocence are entirely too numerous to permit the conviction to stand. It is manifest that the legal presumption of innocence, which attended the accused, failed of dissipation as a result of any legal evidence adduced upon the trial of this case.

Several reversible errors are apparent in the court's rulings, but, from what has been said, need not be discussed. As a matter of law, the offense charged was not sustained by the evidence; therefore the court should have directed a verdict for defendant, as requested in writing.

Reversed and remanded.