(127 So. 264)

### JACOBS v. STATE.
### 8 Div. 888.

Court of Appeals of Alabama.
March 25, 1930.

T. C. Almon, of Decatur, for appellant.
Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

Upon the submission of this appeal some suggestion was made to this court to the effect that since the appeal was taken the appellant has died; and motion was made, in connection with the submission of the cause, to abate the proceedings. We must and do overrule the motion to abate for the reason there is no credible evidence before this court to sustain the suggestion of the death of this appellant. In the absence of legal evidence showing that appellant is dead, this court will not assume that he is. We will proceed, therefore, to consider and determine the appeal upon its merits, and if as a matter of fact the defendant has passed beyond the realm of this mundane sphere, an adverse ruling by this court upon the points of decision involved cannot affect him, as the jurisdiction of this court cannot there prevail, wherever he may have gone. He must there answer to and abide, as we have been taught and do firmly believe, divinum judicium— that is to say, the judgment of God.

This prosecution was begun by affidavit, and charged a violation of the prohibition laws of the state, by having in possession liquors and beverages.

Upon the trial it was proven without dispute that the officers who arrested the defendant went to his (defendant's) place of business, a barbecue stand, near the highway in Morgan county, and found this appellant and his brother there, and notified them they had a search warrant, and were told to "go ahead and search," which they did, resulting in the finding by them of a gallon of whisky hidden near by the barbecue stand and a path leading directly from the stand to where the whisky was cached. The officers testified, after a full and proper predicate, that this appellant voluntarily stated the whisky belonged to him alone and that his brother had nothing to do with it. The defendant testified in his own behalf, and admitted that the whisky in question was found hidden in close proximity to his barbecue stand, but he strenuously denied having made the statement that it was his whisky as testified to by the officers, and also denied all knowledge of the whisky being hidden there, and also insisted it was not his whisky and that he had no interest therein. This conflict in the evidence presented a question of fact for the jury to determine. The affirmative charge requested was not in point. It was properly refused. The charges refused to defendant were fairly and substantially covered by those given for the defendant, and also by the oral charge of the court.

Where this appears, the court is under no duty to repeat instructions already given.

█ The motion for a new trial is not presented for a consideration. No allusion to such motion is made in the bill of exceptions, and there is a patent noncompliance of the statute which provides that a motion for new trial can now be made and considered in a criminal case, and reviewed by the appellate courts, provided such motion is properly presented in accordance with the provisions of the statute. Code 1923, § 6088; McCollum v. State, 18 Ala. App. 558, 93 So. 261; Stover v. State, 204 Ala. 311, 85 So. 393.

The record proper is without error. Affirmed.