(131 So. 454)

# LASHLEY v. STATE.

5 Div. 811.

Court of Appeals of Alabama.

Dec. 16, 1930.

Chas. S. Moon, of La Fayette, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

Appellant was tried, in the court below, upon an indictment which charged him with the offense of murder in the first degree. He was convicted of the offense of manslaughter in the first degree, and his punishment fixed by the jury at imprisonment for two and one-half years. In accordance with the verdict of the jury, judgment of conviction and sentence was pronounced and entered, from which this appeal was taken.

The point of decision based upon the action of the court in overruling the motion for a new trial is not presented in a manner to authorize this court to give it consideration. The only reference to the motion for a new trial is contained in the record proper. No mention thereof is made in the bill of exceptions. See Hall v. State, ante, p. 75, 130 So. 531, and cases cited.

In the court below appellant insisted no proper predicate had been laid for the introduction of the dying declarations of Freeman, the deceased named in the indictment. Several exceptions were reserved in this connection. Upon examination we find one witness (Mrs. Clifford Freeman) who gave testimony as to dying declarations and testified that Freeman, who was mortally wounded, stated: "I heard him on Monday night—the man died the next day, Tuesday—make a statement about his physical condition; he told me that he couldn't live and that he was soon going to leave me; also he said, I am nearly gone, I can't last long. After making these statements he said something about what happened to him. He said this boy (defendant) shot him for no cause." The predicate here shown met every requirement, as has often been held, and the court properly so ruled.

The defendant testified in his own behalf, and the substance of his testimony was to the effect that he and the deceased were both under the influence of liquor, that together they had drunk nearly six pints of whisky on the afternoon in question, and that, while traveling in an automobile together, he and the deceased had some argument about a girl, and deceased, who was driving the car, pulled his pistol from his left-hand pocket, and stuck it in his (defendant's) side, that he caught hold of the pistol and struggled with deceased, the car ran into a ditch, was overturned, and the pistol fired. The death wound was shown by the undisputed evidence to be located in the left side of deceased's back, near the shoulder. By tacit agreement no question of self-defense was involved upon the trial. The defendant's insistence was that the killing was an accident. There was evidence to the effect that three shots were fired; and other evidence that empty shells

were found upon the ground near the wrecked car and at the place of the killing. A jury question was presented by the evidence. No special charges were requested.

If there was error in any of the court's rulings upon the admission of evidence on the cross-examination of the defendant, it was cured by the subsequent ruling of the court wherein this evidence was limited solely to the condition of the defendant as to intoxication when he appeared at the Beasley home immediately after the killing. This ruling of the court appeared to meet the approval of defendant's counsel who interposed no objection or exception thereto.

We discover no prejudicial error in any of the court's rulings upon the trial. We are of the opinion that the accused's rights were safeguarded by the court's rulings, and that he was in all things accorded a fair and impartial trial. The record is free from error; therefore the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.