(136 So. 431)

## BYRD v. STATE.

8 Div. 395.

Court of Appeals of Alabama.

Aug. 4, 1931.

F. S. Parnell, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

This prosecution was for a violation of the prohibition law; the specific charge being the possession of three bottles of home brew which was shown by the evidence to possess alcohol, and looked like beer, also foamed like beer. The prosecution originated in the county court upon affidavit and warrant sworn out by one T. F. Blackburn. From a conviction in the county court this appellant appealed to the circuit court, was there tried by a jury, again convicted, from which judgment of conviction this appeal was taken.

■ The evidence was in conflict thus making a jury question. The trial court properly refused the affirmative charge requested by appellant. We are asked to hold that the evidence of the state is unreasonable and untrue and not sufficient to support a conviction. This, of course, we cannot do, as the credibility of witnesses and the weight or probative force of testimony is for the jury to judge and determine. This court cannot substitute itself for the jury, and the law is, where there is any evidence tending to make out a case against the party requesting the affirmative charge, such charge cannot be given. Ode Grimes v. State, ante, p. 378, 135 So. 652, and numerous cases therein cited.

■ The motion for a new trial is set out in the record proper only. No mention thereof appears in the bill of exceptions. The rulings of the court on the motion is therefore not presented for our consideration. Section 6088 of the Code 1923 is clear in its provisions as to the manner of presenting the ruling of the nisi prius court on motions for new trial, for review by the appellate courts of this state; and, unless so presented, revision on appeal is unauthorized. The appellate courts have in hundreds of instances dealt specifically with the question. The reports of the two courts in recent years are replete with decisions holding the proper manner to present questions of this kind; and it is difficult for the writer to understand how counsel for appellants so frequently attempt to present this question in an abortive manner, as in the case at bar, where a mere reference to the Code section, supra, or to any one of the innumerable decisions cited in Shepard's Alabama Citations, vol. 3, page 445, would protect their clients' interests in this connection and in many instances justice could be administered, and not perverted for lack of jurisdiction due to the careless and indifferent manner, so often appearing, in which this question is undertaken to be presented.

■ The purported exception to a portion of the court's oral charge in this case is also abortive as it is descriptive only, and not the reservation of an exception to a particular, exactly designated statement of the judge. Reed v. State, 18 Ala. App. 371, 92 So. 513. The general and oft-repeated rules of practice do not allow an exception by description of a subject treated by the court in an oral charge to the jury. In this case, however, the attempted exception is not borne out by the court's oral charge as it appears in this record. So far as we have been able to ascertain, no part of the oral charge contains the objectionable statements referred to by appellant.

No error appears in the court's rulings as to charges refused to defendant.

All questions presented have hereinabove been discussed.

Affirmed.