141 So. 265

## SMITH v. STATE.
### 4 Div. 873.

Court of Appeals of Alabama.
April 12, 1932.

T. S. Frazer, of Union Springs, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J.

From a judgment of conviction for murder in the second degree this appeal was taken.

Upon the trial it was admitted by the accused that Willie Austin, the deceased named in the indictment, came to his death from a bullet wound fired from a pistol in his (appellant's) hands. In this connection the defendant strenuously insisted that the killing was wholly accidental and unintentional, and claimed that he had never at any time entertained any ill will or bad feelings towards deceased, nor had they ever had any trouble or difficulty with each other.

The indictment charged murder in the first degree, and in the oral charge to the jury the court said: "Now there is another matter of evidence which I deem it necessary to comment on, and that is the character of the defendant. The defendant's character is in a way assailed by the charge that's brought against him, and then he has the right to bring before the jury evidence of the fact that he bears a good reputation in the community in which he lives and among those people among whom he moves." An exception was reserved to the foregoing excerpt of the oral charge, whereupon the court stated that he would withdraw from said charge the word "assailed," and say in lieu thereof that the defendant's character was "put in issue." A further exception was reserved to this statement of the court. That the foregoing statement was misleading, confusing, and prejudicial, there can be no doubt. The finding of an indictment preferring charges against a person does not have the effect of "assailing" the character of the person indicted, nor does it operate to put the defendant's character in issue. An indictment is not evidence in any sense of the word. Its true and sole use is to charge the crime, and to inform the accused of the offense alleged against him. The exception to the foregoing is properly presented, and is well taken.

As stated, there was no denial upon the part of the defendant that he had a pistol in his possession at the time complained of in the indictment; evidence, therefore, as to his carrying a pistol on other occasions wholly disconnected with the offense charged was irrelevant and immaterial. It was also error to permit the state, over the objections and exceptions of the defendant, to prove specific or particular acts of the accused on the question of his character. This has many times been decided. A witness to character cannot speak of particular acts, or even the course of conduct of the person inquired about, but is confined to a statement of general reputation in the neighborhood in which he lives, or is known. Bedingfield v. State, 24 Ala. App. 398, 135 So. 656; Way v. State, 155 Ala. 52, 46 So. 273; Moulton v. State, 88 Ala. 116, 6 So. 758, 6 L. R. A. 301.

The defendant admittedly fled from the scene of the shooting immediately after the fatal shot was fired. Hence this fact was properly the subject of argument by the solicitor, and the court's rulings in this connection were in line with the decisions of the appellate courts of this state. The fact that he afterwards returned to the place of killing and before the body had been removed was also a matter of legitimate argument. The questions thus engendered were for the jury.

The remaining insistence of error is based upon the action of the court in overruling the motion for a new trial. As to this we are without authority to consider this alleged ruling of the court as the question is not presented in the manner required by law, as has been pointed out in innumerable decisions of the two appellate courts of this state. Here there is no mention in the bill of exceptions as to the motion for a new trial. The motion and ruling of the court are set out in the record proper only. A purported exception to the court's ruling which appears only in the record, and not in the bill of exceptions, as here, is abortive, and presents no question for consideration. Byrd v. State, 24 Ala. App. 451, 136 So. 431.

For the errors indicated, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.