148 So. 858

SMITH v. STATE.

4 Div. 940.

Court of Appeals of Alabama.

Feb. 14, 1933.

Rehearing Denied April 4, 1933.

M. I. Jackson, of Clio, and Guy W. Winn, of Clayton, for appellant.

Thos. E. Knight, Atty. Gen., for the State.

No briefs reached the Reporter.

BRICKEN, Presiding Judge.

This appellant and one Warney, alias Warren, Adkinson were jointly indicted by the grand jury of Barbour county for the offense of murder in the second degree. The indictment was returned at the fall term, 1931, of the circuit court and filed in open court on December 2, 1931. Before entering upon the trial, a severance was granted, and this appellant put upon trial on April 14, 1932. The indictment charged that Victor Smith, alias Vick Smith, and Warney, alias Warren, Adkinson, whose names are to the grand jury otherwise unknown, unlawfully and with malice aforethought killed Henry Underwood by shooting him with a gun or pistol, but without premeditation or deliberation, against the peace and dignity of the state of Alabama.

The record discloses that the deceased was a negro and that both of the accused are white men. This trial resulted in the conviction of defendant, Victor Smith (appellant), of manslaughter in the first degree; the verdict of the jury being: "We, the jury, find the defendant guilty of manslaughter in the first degree, and fix his punishment at imprisonment in the penitentiary for a period of one year." In accordance with this verdict, the court adjudged the defendant guilty of manslaughter in the first degree and sentenced him to imprisonment in the penitentiary for one year.

It was proper for the jury to ascertain and fix the term of punishment, but it was not within its province to designate by its verdict the character of punishment or the place where the convict should be confined. Therefore that portion of the verdict, to wit, "in the penitentiary," was unauthorized and should have been treated as surplusage by the trial court. Under the verdict in this case, the court had no authority to sentence the defendant to imprisonment in the penitentiary. The law expressly provides that, in all cases in which the imprisonment is twelve months or less, the party must be sentenced to either imprisonment in the county jail, or to hard labor for the county. Section 5265, Code 1923; Robinson v. State, 6 Ala. App. 13, 60 So. 558; Ex parte Robinson, 183 Ala. 30, 63 So. 177; Hicks' Case, 214 Ala. 675, 108 So. 614.

This error, however, has no effect except as to the sentence, and does not necessitate a reversal of the judgment of conviction other than for proper and legal sentence. Authorities, supra.

In this case no brief has been filed in behalf of appellant or by the state. This, of course, is not essential nor a prerequisite to a consideration by this court of a review of all questions which arose upon the trial below and properly shown here; for the statute makes it the duty of this court to consider all questions apparent on the record or reserved by bill of exceptions, and no assignment of or joinder in errors is necessary. Section 3258, Code 1923.

Mention, in the record proper, is made of a motion for new trial, but, as nothing appears in the bill of exceptions in connection therewith, the ruling of the court on motion for a new trial is not presented, and therefore cannot be considered. Swinea v. State, 22 Ala. App. 524, 117 So. 506.

We have examined the special written charges refused to defendant. No error appears in this connection. Some of the charges are purely abstract. Others do not properly state the law, and the remaining refused charges which announce correct principles of law were fairly and substantially covered by the oral charge of the court and by the charges given at request of the defendant.

There is no phase of this case which entitled the defendant to the general affirmative charge requested by him in writing. The evidence, as a whole, was in conflict and presented questions for the jury to determine, and in thus determining we think the jury were exceedingly merciful to defendant in view of the light term of punishment fixed by them. Certainly as to this the appellant cannot complain.

We have examined and carefully considered every exception reserved to the court's rulings pending the trial below, and have reached the conclusion that in none of these rulings reversible error appears. We think it is so clearly apparent that the substantial rights of the defendant were not in any manner impaired by any ruling of the court it is unnecessary to discuss the numerous points of decision in this connection. No good purpose could be subserved by so doing, as no doubtful proposition is involved in any of these matters.

No error appearing so far as the judgment of conviction is concerned said judgment to

that extent is hereby affirmed. However, in line with what has been said, the cause is reversed to the end that the trial court may impose the appropriate sentence as herein indicated.

Judgment of conviction affirmed. Remanded for proper sentence.

### On Rehearing.

For the first time on this appeal appellant raises the question as to the jurisdiction of the court below to try and determine this case; it being claimed that the indictment upon which the trial was had was found in the circuit court of Barbour county at Eufaula and therefore the circuit court of Barbour county at Clayton, Ala., had no jurisdiction. There is no merit in this insistence. The circuit court of Barbour county at Clayton was invested with jurisdiction of the subject-matter involved in this case; that is to say, the offense charged in the indictment. Upon arraignment of the defendant he interposed a plea of "not guilty," thereby vesting in said court jurisdiction of the person. Jurisdiction of the offense and of the person must concur to authorize a court of competent jurisdiction to proceed to final judgment in a criminal prosecution. To this end, a formal accusation sufficient to apprise the defendant of the nature and cause of the accusation is a prerequisite to jurisdiction of the offense. Irregularities in obtaining jurisdiction of the person may be waived. In other words, jurisdiction of the person may be conferred by consent and as stated, by pleading to the merits in this case the defendant conferred jurisdiction of his person upon the trial court in this case. Sanders v. State, 16 Ala. App. 531, 79 So. 312; King v. State, 16 Ala. App. 341, 77 So. 935.

Criticisms of the court's oral charge here indulged present nothing for the consideration of this court. No exceptions were reserved in this connection which, of course, is a prerequisite to a review.

Other insistences upon rehearing have been considered in the opinion heretofore rendered in this case and to which we adhere.

Application for rehearing overruled.