## LEVENE v. STATE.
### I Div. 156.

Court of Appeals of Alabama.
May 9, 1935.

George A. Sossaman, of Mobile, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in this case charged this appellant with the offense of assault and battery upon Oliver H., alias Tex, Harbin. He was tried thereon and convicted; the jury assessing a fine against him of $200. From the judgment of conviction, this appeal was taken.

The several exceptions reserved to the court's rulings upon the admission of evidence cannot avail the appellant, as the evidence in question related to facts incident to the res gestæ, and was therefore admissible. Res gestæ is a matter incident to the main fact and explanatory of it, including acts and words which are so closely connected therewith as to constitute a part of the transaction, without knowledge of which the main fact might not be properly understood; they are instinctive words and acts of the participants immediately prior to the main fact and leading up to and explanatory thereof. The testimony objected to in this case, but allowed by the court, was of this character; hence, under the rule announced, was admissible.

Appellant complains in brief that the punishment in this case was excessive, also that the verdict rendered was a "quotient verdict," therefore void. These matters could be presented only upon a motion for a new trial, and this was undertaken in this case in the court below, but the motion for a new trial is not presented in a manner which authorizes this court to review the ruling of the trial judge on the motion, as it does not appear that an exception was reserved to the court's ruling in this connection. This is essential to a review. Section 6088, Code 1923. See, also, Shepard's Alabama Citations, Nov. 1934, Sup. p. 249, for numerous cases cited.

In seeking a review by the appellate courts upon the ruling of the lower court overruling a motion for a new trial, the statute does not require that the motion and judgment thereon shall be set out in the bill of exceptions, but under the statute (Code 1923, § 6088) it is mandatory that the bill of exceptions must contain a sufficient recital to show the making of such motion, the ruling thereon, and an exception thereto. These are the express terms of the statute.

We find no error in the rulings of the court on the trial of this case in the court below, and no error apparent on the record; therefore, the judgment of conviction from which this appeal was taken must be affirmed. It is so ordered.

Affirmed.