173 So. 889

## ROBINSON v. STATE.

I Div. 284.

Court of Appeals of Alabama.
April 15, 1937.

Hybart & Chason, of Bay Minette, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The jury returned a general verdict of guilty as charged in the indictment. The indictment had two counts. Count 1 charged grand larceny, in that defendant feloniously took and carried away one outboard motor of the value of $150, the personal property of Ed Strong     Count 2 charged that he, with intent to steal, broke into and entered the shop, store, warehouse, or other building of Ed Strong, in which goods, merchandise, or clothing, things of value, were kept for use, sale, or deposit, etc.

State witness, Ed Strong, testified that he owned an outboard motor. of the value of $150. That he had said motor stored in his barn and that it was taken from the barn by some one. That shortly before he missed the motor, the defendant (appellant) was at his place to borrow some feed for his stock, that he went into the barn with him to get the feed, and after they got it, Robinson (appellant) saw the motor in question, and he, Strong, said to him: "Robinson, here is a fine· engine that is doing nobody any good, and he uncovered it and showed it to him; that he had it covered with a piece of canvas; that it had been stored there a good long

time; that it was in pretty bad shape because he had not cleaned it up; that it was dirty; that he had never shown it to anybody else; that the canvas was not taken away; it was laying in front of the doorway; that he did not know that he had seen the motor since he and Robinson looked at it." The State's evidence further tended to show that some short time later the officers searching for the missing motor found it at the home, and in the possession of the defendant, who stated to the officers he had bought the motor from a fellow named Joe who was driving a four cylinder Dodge automobile in front of Green's machine shop. The State's evidence also tended to show that the defendant made several other conflicting statements as to how he acquired possession of the motor, and, further, that on the afternoon of the same day the officers found the motor in his home, that he carried the motor to Pensacola, Fla., and tried to sell or otherwise dispose of it to one Witherall, a State's witness, and left the motor with him. Witherall testified: "He was living in Pensacola, Florida; at that time he was running a motor boat store; that he knew C. S. Robinson when he came to his store in March, 1935. Q. Did he bring anything with him? * * * A. That motor there. Q. This motor here? A. Yes, sir. That he left it with him there at his place; that the motor was dusty and dirty as though it had lain up for a long time and needed some slight repairs; that he said he had had it laid up for a long time, twelve to eighteen months. That he left it there with him; that he told witness that the motor was too large for him and that he wanted a smaller motor to fish with and for witness to see if he could not sell the motor for him; that he brought the motor to his place on March 14, 1935; that he brought it to his shop; that he said he would take $50.00 for the motor and give him a commission out of it; that he told the defendant that the usual charge was 10%. Witness further testified that he turned the motor over to the Sheriff of Baldwin County, Alabama; that the officers came to his place and that he turned it over to them the next day after it was brought there by Mr. Robinson." There was some evidence tending to show that the identifying plate on the motor had been changed. All this was for the jury to consider and determine. The numerous exceptions reserved to the court's rulings upon the admission of the testimony are so clearly without merit no discussion is necessary.

The defendant, under the conflicting evidence, was not entitled to a directed verdict, hence there was no error in the refusal of the two affirmative charges requested.

The motion for a new trial is not presented for our consideration, no mention thereof having been made in the bill of exceptions, as the law requires. Wright v. State, 20 Ala.App. 22, 100 So. 458; Motes v. State, 20 Ala.App. 195, 101 So. 286.

Affirmed.