187 So. 645

**BLAIR. v. STATE.**

**4 Div. 466.**

Court of Appeals of Alabama.
Jan. 10, 1939.

Rehearing Denied Jan. 24, 1939.

L. C. Rowell, of Elba, for appellant.

A. A. Carmichael, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

In denying to defendant the general affirmative charge, the trial court acted in line with innumerable decisions of the appellate courts of this State, wherein the rule has been announced; that where there is evidence tending to make out a case against the defendant the trial court is without authority to direct a verdict. Alabama Digest, Vol. 6, ☞ 753.

The appeal here is from a judgment of conviction for the violation of section 5411, Code 1923, which makes it an offense for any person to have carnal knowledge of a girl over twelve and under sixteen years of age, or abuses such girl in the attempt to have carnal knowledge of her, etc. The Statute does not apply to boys under sixteen years of age.

The alleged injured party (the girl in question) testified that she was fifteen years of age at the time the defendant had sexual intercourse with her. The question of her age was not in conflict. Her testimony, if believed under the required rule, was sufficient upon which to predicate the verdict rendered. In some slight degree she was corroborated by other witnesses as to the time and place, but not as to the actual commission of the act. On the other hand, the defendant denied strenuously he had ever had sexual intercourse with the girl in question and offered testimony of numerous witnesses which tended to corroborate him. The evidence thus being in direct conflict made, as stated, a question for the determination of the jury. The defendant proved an excellent character by many witnesses and there was no controversy on this question. The conviction of the defendant rested upon the testimony of the girl in question principally, and if, as contended, a miscarriage of justice resulted, this court has no authority so to declare. Our jurisdiction is appellate only, and review here, in cases of this character, is limited to those matters upon which action or ruling at nisi prius was invoked or had. We are not vested with pardoning powers, but are confined to the duty of ascertaining whether or not error of a reversible nature occurred pending the trial of the case in the court below. No such error appears, hence we, perforce, must order an affirmance of the judgment of conviction from which this appeal was taken.

The motion for a new trial is not presented for our consideration as it nowhere appears in the bill of exceptions that an exception to the court's ruling thereon was reserved. This is necessary. Levene v. State, 26 Ala.App. 428, 161 So. 268. In that case the court said: "In seeking a review by the appellate courts upon the ruling of the lower court overruling a motion for a new trial, the statute does not require that the motion and judgment thereon shall be set out in the bill of exceptions, but under the statute (Code 1923, § 6088) it is mandatory that the bill of exceptions must contain a sufficient recital to show the making of such motion, the ruling thereon, and an exception thereto. These are the express terms of the statute."

Affirmed.

### On Rehearing.

The further importunate insistence by appellant's counsel to the effect that the motion for a new trial was presented in order that this court could review the ruling of the trial court thereon is not borne out; for, as stated, the motion for new trial, nor anything pertaining thereto, is not contained in the bill of exceptions in this case. The bill of exceptions is set out on pages 6 to 23 of the transcript. Appellant's counsel appears to be confused, and regards the record proper, and the bill of exceptions, as being one and the same. We reiterate, the action of the court on motion for new trial is no part of the

record proper. For the benefit of counsel, in the case at bar, we here cite a number of authorities from the many hundreds of decisions of the appellate courts of this State on this point:

"Although exception to ruling on motion for new trial appeared in record proper, failure of bill of exceptions to show such exception was fatal to right of review. Ex parte Rials, 211 Ala. 615, 101 So. 630; Conn v. State, 19 Ala.App. 209, 96 So. 640, cert. den. Ex Parte Conn, 209 Ala. 453, 96 So. 642; Gotcher v. State, 19 Ala. App. 269, 97 So. 111; Wright v. State, 20 Ala.App. 22, 100 So. 458.

"A motion for new trial will not be reviewed, where not set out in the bill of exceptions. Hopkins v. State, 18 Ala.App. 423, 93 So. 40; Wells v. State, 19 Ala.App. 403, 97 So. 681.

"Motion for new trial was not presented for consideration on appeal, where not referred to in bill of exceptions. Flowers v. State, 22 Ala.App. 27, 112 So. 221, certiorari denied 215 Ala. 660, 112 So. 222; Jacobs v. State, 23 Ala.App. 486, 127 So. 264. ·

"Where bill of exceptions contains no reference to motion for new trial, trial court's action with reference thereto will not be reviewed. * * *

"Refusal of motion for new trial held not presented on appeal, where bill of exceptions made no reference to motion (Code 1923, § 6088). Andrews v. State, 23 Ala.App. 520, 128 So. 126; Lashley v. State, 24 Ala.App. 136, 131 So. 454.

"Court's ruling on motion for new trial, set out in record proper only and not mentioned in bill of exceptions, cannot be considered on appeal (Code 1923, § 6088). Byrd v. State, 24 Ala.App. 451, 136 So. 431; Smith v. State, 25 Ala.App. 79, 141 So. 265; Smith v. State, 25 Ala.App. 405, 148 So. 858, cert. den. 227 Ala. 160, 148 So. 860.

"Overruling of defendant's motion for a new trial cannot be reviewed, where neither the motion nor any reference thereto appears in the bill of exceptions.—Dukes v. State, 210 Ala. 442, 98 So. 368. * * *

"On failure to set out motion for new trial in bill of exceptions, denial thereof is not presented for review on appeal.—Moon v. State, 21 Ala.App. 111, 105 So. 427. * * *

"Appellate court cannot review overruling of motion for new trial, where bill of exceptions contains neither motion, ruling thereon, nor exceptions to ruling.—King v. State, 23 Ala.App. 237, 123 So. 290.

"Incorporation of motion for new trial in record proper does not alone make ruling thereon reviewable on appeal (Code 1923, § 6088).—Felder v. State, 24 Ala.App. 472, 136 So. 847, cert. den. 223 Ala. 397, 136 So. 848.

"Court's ruling on motion for new trial set out in record proper only cannot be reviewed where ruling or exception was not incorporated in bill of exceptions (Code 1923, § 6088).—Riddle v. State, 25 Ala.App. 142, 142 So. 680, cert. den. 225 Ala. 218, 142 So. 682.

"Motion for new trial appearing only in record proper held not presented for consideration (Code 1923, § 6088).—Ray v. State, 25 Ala.App. 262, 145 So. 325, cert. den. (1933) 226 Ala. 62, 145 So. 327." Alabama Dig., Criminal Law ☞ 1124(1).

Appellant's "Proposition No. 2" on rehearing is equally without merit. State witness Simmons after a full and complete predicate testified as to statements made to him in the nature of confessions by the defendant. The court ruled correctly in admitting this testimony. It does not appear that the defendant denied making said statements to witness Simmons, although he took the stand as a witness in his own behalf and thus had the opportunity so to do. As this testimony of Simmons appears in the bill of exceptions, it is without conflict or dispute.

Appellant's "Proposition 3" on rehearing is wholly untenable. The trial court's rulings upon the testimony of witness E. J. Bryant is so clearly free from error as not to necessitate or warrant discussion.

Application for rehearing overruled.