2 So.2d 338

## KYZER v. STATE.

### 6 Div. 553.

Court of Appeals of Alabama.

May 13, 1941.

F. F. Windham, of Tuscaloosa, for appellant.

Thos. S. Lawson, Atty. Gen., and Willard McCall and John J. Haynes, Asst. Attys. Gen., for the State.

BRICKEN, Presiding Judge.

It appears from the record in this case that appellant was tried and convicted upon an indictment which charged that he "unlawfully and with malice aforethought did assault J. G. Swindle with the intent to murder him," etc. As stated, the jury returned the verdict, viz: "We the jury find the defendant guilty of assault with intent to murder as charged in the indictment."

Upon said verdict, the trial court adjudged the defendant guilty as the law requires, and duly sentenced him to an indeterminate term of imprisonment in the penitentiary for a period of not less than seven years, nor more than ten years. Judgment of conviction was duly pronounced and entered, from which this appeal was taken.

At time of the submission of this case in this court, the State filed the following motion to strike the bill of exceptions, viz:.

"Motion to Strike Bill of Exceptions

"Comes the State of Alabama, Appellee in the above styled cause, by and through Thos. S. Lawson, its attorney general, and moves this Honorable Court to strike the Bill of Exceptions filed in said cause, and for grounds therefor shows as follows:

"1. It affirmatively appears from the record that no compliance was had with Section 6433 of the Code of Alabama, 1923 [Code 1940, Tit. 7, § 822], in that the Bill of Exceptions was not presented to the Trial Court within ninety days from the date on which judgment was entered.

"2. For that it affirmatively appears of record that the Bill of Exceptions was not presented within the time required by Section 6433 of the Code of Alabama, 1923, in that the Bill of Exceptions contains no recital showing the ruling of the Trial Court and exception thereto on the motion for a new trial; that in the absence of such a recital the time within which Appellant has to file his Bill of Exceptions is ninety days from the date of the judgment of conviction; that the judgment of conviction in this cause was rendered on May 11, 1939, and the Bill of Exceptions was not presented to the Trial Court until January 30, 1940, which is more than ninety days from the date of judgment, as required by Section 6433 of the Code of Alabama, 1923."

The foregoing motion to strike the bill of exceptions was made and presented under the provisions of Section 6434, Code 1923, Code 1940, Tit. 7, § 827.

Upon examination of the record, we find the grounds upon which said motion is based are fully sustained, hence the motion is well taken. No exception to the action or ruling of the trial court in overruling and denying the defendant's motion for a new trial is shown by or contained in the bill of exceptions.

The insistence of earnest counsel for appellant that an exception was duly reserved to the action of the court in overruling and denying the motion for a new trial is noted by separate document found in the record, in which it is said: "For your information, I have a copy of the transcript before me now, and if you will refer to page 10 (of the transcript), you will see the court's judgment on motion for a new trial, the last paragraph of the court's judgment reading as follows: 'It is therefore ordered and adjudged that the

motion be and the same is hereby overruled and denied, to which action of the court the defendant duly excepted. This Nov. 1, 1939. Jno. Miller, Judge.'"

 We have adverted to and examined page 10 of the transcript and, as stated by appellant's counsel, the above quoted judgment does in fact appear on said page 10, as insisted. But, it also appears that page 10 of this transcript, and everything that appears thereon, is a part of the record proper, and no portion of the bill of exceptions is incorporated thereon. The ruling and exception referred to, supra, nowhere appear in any part of the bill of exceptions, and this is essential to review, as has been held innumerable times by the appellate courts of this State.

The following authorities, and excerpts from several opinions, are conclusive:

"Although exception to ruling on motion for new trial appeared in record proper, failure of bill of exceptions to show such exception was fatal to right of review." Ex parte Rials, 211 Ala. 615, 101 So. 630; Conn v. State, 19 Ala.App. 209, 96 So. 640, certiorari denied Ex parte Conn, 209 Ala. 453, 96 So. 642; Gotcher v. State, 19 Ala. App. 269, 97 So. 111; Wright v. State, 20 Ala.App. 22, 100 So. 458.

"Court's ruling on motion for new trial, set out in record proper only and not mentioned in bill of exceptions, cannot be considered on appeal (Code 1923, § 6088 [Code 1940, Tit. 7, § 764])." Byrd v. State, 24 Ala.App. 451, 136 So. 431; Smith v. State, 25 Ala.App. 79, 141 So. 265; Smith v. State, 25 Ala.App. 405, 148 So. 858, certiorari denied 227 Ala. 160, 148 So. 860.

"Court's ruling on motion for new trial set out in record proper only cannot be reviewed, where ruling or exception was not incorporated in bill of exceptions (Code 1923, § 6088 [Code 1940, Tit. 7, § 764])." Riddle v. State, 25 Ala.App. 142, 142 So. 680, certiorari denied 225 Ala. 218, 142 So. 682. See also Ex parte Hill, 205 Ala. 631, 89 So. 58.

Further discussion would serve no good purpose. It is mandatory upon this court, from what has been said, to strike the bill of exceptions in this case, on the grounds stated in the motion of the State hereinabove set out. It is so ordered. It further appearing that the record proper is regular and without apparent error, no other questions are presented for our consideration.

The judgment of conviction from which this appeal was taken must be, and is, affirmed.

Affirmed.