DeCARLO, Judge.
Carnal knowledge; 30 years.
Appellant was tried under an indictment which charged he did carnally know, or abuse in the attempt to carnally know, a girl under the age of twelve years.
In support of this charge the State presented the following evidence:
At the time of the alleged incident on August 7, 1974, the prosecutrix was seven years old. She lived with her mother, step-father, three brothers and a sister at 5361 First Avenue North, Birmingham, Alabama.
*746 About 7:30 on the night in question, the prosecutrix’s mother had gone to church, leaving the girl with her step-father, the six-year-old brother, Paul and the four-year old sister, Regina. The children were lying on pallets watching television in the room ordinarily occupied by their parents. Sometime after the mother’s departure, the step-father suggested the girls take a bath. When the prosecutrix began to dress he told her to wear a skirt and not slacks. She complied and subsequently returned to viewing the television.
While the children were thus occupied, the accused allegedly came over and lay down beside the prosecutrix. He removed her underpants, unzipped his trousers and pulled a blanket over them. Appellant then placed his “private place” in her “private place.” She stated it hurt and asked the accused to stop, which he did, and upon re-dressing in her panties, she noticed a white substance.
At that point the appellant led her into the adjoining room and locked the door. While lying on a pallet, he removed one of her legs from her underpants. Again, he placed his “private place” in her “private place.” When she complained it hurt, the accused stopped. The girl then got up, unlocked the door and left the room.
The prosecutrix testified she did not tell her mother about the incident until the next day after she returned from the downtown Girls Club.
During cross-examination prosecutrix responded that appellant was never on top of her but at her side. The girl acknowledged she did not know what “placing his private parts in her private parts meant.” Nonetheless, she reaffirmed her previous testimony. The prosecutrix explained that although what appellant did “hurt a little bit”, the hurt was more than a toothache.
Janette Lucille Livingston stated the girl involved was her child by a former marriage and appellant was her husband when the incident allegedly happened. Mrs. Livingston testified she and James Edward Livingston were now divorced but on August 7, 1974, they were living together with their five children. About 6:45 P.M. on that date, she went to church and left three of the children with appellant. It was during her absence that the alleged incident occurred and she learned of it from Paul and Regina the next day. After her conversation with them, she later confronted the prosecutrix.
The girl told her they, meaning the pros-ecutrix and appellant, had sexual relations. Upon learning this, the police were summoned and after talking with the child, suggested she be examined by a physician. On the following Friday, Mrs. Livingston went to the county courthouse and obtained a warrant for her husband’s arrest.
The mother admitted talking to the girl before the trial about the incident, but maintained the prosecutrix was only instructed to tell the truth. She explained the child had started using the words, “private parts” after hearing them used at the preliminary hearing.
Paul Livingston, the alleged victim’s brother testified he remembered the occasion when his mother went to church and he remained at home with his sisters. He recalled they were lying on pallets watching television and appellant was present.
It was after the prosecutrix had bathed, when the father lay down beside her and “they covered up.” Afterwards, appellant and prosecutrix went into another room and locked the door. When he heard the door lock, Paul stated his father called out not to come into the room. He admitted discussing the incident with his mother the night before the trial and their conversation extended over the same period as two short television programs.
Sergeant O. C. Ellard of the Birmingham Police Department testified he was in charge of the investigation and saw Mrs. Livingston in his office on August 9, 1974. She was alone at the time and he advised *747 her to get a warrant. Sergeant Ellard said he did not go to the hospital with the pros-ecutrix but did talk with her on a later date.
Dr. Benjamin R. Busby was employed by University Hospital in Birmingham, as a doctor in the department of obstetrics and gynecology. He testified the prosecutrix was examined on August 8, 1974, and that the results of his examination were recorded on a form, required for such matters. In that report the doctor stated he did not find any bruises or lacerations in or about the genital organs of the patient. Further, on the question of “penal penetration” the answer that “he put it up me” was written. Dr. Busby stated these were the girl’s exact words.
In the doctor’s opinion the fact that the girl had bathed or had gone swimming, could have caused the sperm test to show a negative result. He stated it was highly unlikely penetration had occurred. However, Dr. Busby responded there could have been a touching of the girl’s sexual organs by that of a male without any indications of trauma.
The State completed its presentation at the end of the medical testimony. A motion to exclude was overruled and appellant was the only defense witness.
James Edward Livingston admitted he remained with the children on the night in question. He stated the prosecutrix and the other children watched television after their bath until they went to sleep.
Appellant denied getting under the cover with the girl and taking her into the other room. Livingston stated he never did any of “those things” that the prosecutrix testified about and said: “I have never had sexual intercourse with _____ at any time during my life.”
The case was submitted to the jury under T. 14, Section 398, Code of Alabama 1940 (Recomp. 1958), which provides:
“Any person who has carnal knowledge of any girl under twelve years of age, or abuses such girl in the attempt to have carnal knowledge of her, shall, on conviction, be punished, at the discretion of the jury, either by death or by imprisonment in the penitentiary for not less than ten years.”
Upon the completion of the court’s oral charge, appellant announced “satisfied.” He did not take any exceptions or request any charges.
The sole question is whether under the facts a case of “abuse in the attempt to have carnal knowledge” was shown. Appellant maintains the court erred in overruling his motion to exclude on the ground the evidence was insufficient to sustain a conviction.
Although abuse refers to an injury to the sexual organs where an attempt is made to have sexual connection, the mere hurting of the female genital organs is an abuse within the contemplation of T. 14, § 398, supra. Lee v. State, 31 Ala.App. 91, 13 So.2d 583.
In Castleberry v. State, 135 Ala. 24, 33 So. 431; hurting of the private parts was held to be an abuse within the meaning of the statute even though the private parts were not bruised, cut, lacerated or torn. See also: Huggins v. State, 41 Ala.App. 548, 142 So.2d 915.
Whether or not this girl understood the meaning and implication of the words, “private place” or “private parts” is a question for the jury. Any disability that she may have had in expressing what had happened to her, or in designating the particular area subjected to carnal abuse may be considered by the jury as bearing upon the weight of her testimony.
If the testimony of the girl was believed that appellant placed his “private place” in her “private place” and that such contact hurt, then under Castleberry, supra, that was sufficient for a submission of the matter to the jury.
*748 In our judgment this testimony when taken in conjunction with that of the six-year-old brother, and the response by the examining physician; that a touching of the prosecutrix’s sexual organs could have occurred and no sign of trauma be present, was legal evidence from which the jury could infer carnal abuse. Haggler v. State, 49 Ala.App. 259, 270 So.2d 690.
We realize the facts presented were controverted by appellant’s testimony, but at best we still have a question of belief by the triers of the facts. Morris v. State, 47 Ala.App. 132, 251 So.2d 629; Blair v. State, 28 Ala.App. 430, 187 So. 645.
No error appears in the record.
AFFIRMED.
All the Judges concur.